HARVEY PHINNEY, Plaintiff in Error, *v.* EDWIN D. BALDWIN, Defendant in Error.

ERROR TO HANCOCK.

A note given for a sum of money bearing interest at a given rate per month, continues to bear that rate of interest, so long as the principal remains unpaid.

A contract that is valid in the State where it is made, is to be enforced in another State, unless it is against good morals, or is repugnant to the policy or positive institutions of such State.

THIS cause was heard and decided by O. C. SKINNER, Judge, at June term, 1853, of Hancock Circuit Court.

WILLIAMS and LAWRENCE, for Plaintiff in Error.

WHEAT and GROVER, for Defendant in Error.

TREAT, C. J.   Phinney brought an action of assumpsit against Baldwin, and declared upon the following note:

"BRIGHTON, California, Oct. 3d, 1850.

$200.   Thirty days after date, I promise to pay to the order of Harvey Phinney two hundred dollars, for value received, with interest from date at five per cent. per month.                                        E. D. BALDWIN."

The pleas were non-assumpsit and payment. On the trial, the plaintiff introduced the note described in the declaration, and proved that the legal rate of interest in California, in the absence of any agreement of the parties, was ten per cent. per annum; but that it was lawful for parties to contract for any higher or different rate of interest. The note was credited with $50, paid on the 4th of October, 1851; and with $100, paid on the 29th of the same month. The court entered judgment against the defendant for $92,44, and the plaintiff sued out a writ of error.

There can be no reasonable doubt as to the true construction of the instrument. It is a promise to pay $200 in thirty days, and interest thereon from date at the rate of five per cent. per

month. The note continues to bear that rate of interest, so long as the principal remains unpaid. The maker undertakes to pay interest at that rate, while he withholds payment of the principal. That is the compensation which the payee is to receive, for the forbearance of the money. We entertain no doubt that this was the real understanding of the parties. It was not their intention that this rate of interest should cease on the maturity of the note, and that it should thereafter only bear interest at the rate of ten per cent. per annum. Such a construction could not be put upon the instrument without doing violence to the intentions of the parties. It would in effect be making a new contract for them. They evidently contemplated but one rate of interest, and that rate was to continue until payment should be made. The plaintiff was entitled to recover interest on the principal at the rate of sixty per cent. per annum, from the date of the note until the rendition of judgment. And the circuit judge erred in not making this the basis for assessing the damages. The agreement to pay this rate of interest was valid by the law of California, and the courts of this State are bound to enforce it. A contract that is valid in the State where it is made, is to be recognized and enforced in another State, unless it is clearly contrary to good morals, or repugnant to the policy or positive institutions of that State. This contract is not obnoxious to any such objection. As the rate of interest is specified in the note, and is according to the law of the place where the instrument was executed, the payee is entitled to recover the stipulated rate of interest, that being of the substance of the contract.

The judgment is reversed and the cause remanded.

*Judgment reversed.*