JOHN ETNYRE *et al.*, Appellants, *v.* JOHN McDANIEL, Appellee.

APPEAL FROM OGLE.

A promise to pay A B, or order, a sum of money with ten per cent. interest from date, bears that rate of interest until judgment shall be rendered, after which, there will be but six per centum to be paid.

THIS case is stated in the opinion. There was a trial by the court, on the circuit, and a judgment was rendered for the appellee, the plaintiff there. The defendants below appealed. The appeal is from the Ogle Circuit Court.

E. F. DUTCHER, and LELAND & BLANCHARD, for Appellants.

The rate of interest in the State of Illinois is six per cent.

14

in all cases, unless, by special contract, a party agrees to pay more than that rate.

In this case, the note is payable the first day of August, 1856, dated April 28, 1856, with use at ten per cent. The contract for a greater rate of interest than six per cent. ceased to exist on the note becoming due, and from that time to the rendition of the judgment, the plaintiff is only entitled to six per cent. interest. *Brewster* v. *Wakefield*, 22 Howard's U. S. R. 118.

GLOVER, COOK & CAMPBELL, for Appellee.

The only point made by appellant is, that ten per cent. interest was allowed as damages for non-payment of the note, from the date to the time of payment, whereas only the rate of six per cent. should be allowed after the note became due. And authorities are cited in support of that proposition.

The fact seems to be, that there are authorities upon both sides, and that being the case, the decisions of this court should govern. And this court has decided that a note continues to bear the rate of interest reserved by it until paid. *Phinney* v. *Robinson*, 16 Ill. 108 ; *Hopkins* v. *Crittenden*, 10 Texas, 189 ; *Austin* v. *Inness*, 53 Vt. 286 ; *O'Neal* v. *Bookman*, 9 Rich. Law (S. C.) 80 ; *Payne* v. *Clark*, 23 Miss. 259 ; *Kohler* v. *Smith*, 2 Cal. 597.

BREESE, J. The question presented in this case is, to what time does the note sued on bear the interest stipulated in it ?

The note is as follows :

" $159.84.

" On or before the first day of August, 1856, we, or either of us, promise to pay Edwin R. Stoddard, or order, the sum of one hundred and fifty dollars and eighty-four cents for value received, with use at ten per cent. from date.

JOHN ETNYRE.

Oregon, April 28, 1856.                                    R. B. LIGHT."

Indorsed, E. R. Stoddard.

The court before which the cause was tried allowed interest at ten per cent. to the day of entering the judgment. The defendant appeals and assigns this for error, and contends, that interest is chargeable at ten per cent. only to the day of

the maturity of the note, and after that, the statutory interest of six per cent. only.

In support of this view, reference is. made to the case of *Brewster* v. *Wakefield,* decided by the Supreme Court of the United States, 22 Howard, 118, where it is held, that on such a note as this, the interest is to be calculated from the date to the time specified for payment, at the rate agreed upon in the note. The court say: " there is no stipulation in relation to interest after the notes become due, in case the debtor should fail to pay them ; and if the right to interest depended altogether on contract, and was not given by law in a case of this kind, the appellee would be entitled to no interest whatever after the day of payment. The contract being entirely silent as to interest, if the notes should not be punctually paid, the creditor is entitled to interest after that time by operation of law, not by any provisions in the contract." Reference is made to the case of *Macomber* v. *Dunham,* 8 Wend. 550 ; *United States Bank* v. *Chapin,* 9 id. 471 ; and *Ludwick* v. *Huntsinger,* 5 Watts & Serg. 51, 60, which fully sustains this view.

If this decision was of binding authority in this court, it would dispose of this case, but it is not. This court, in the case of *Phinney* v. *Baldwin,* 16 Ill. 108, decided, that a note given for a sum of money, bearing interest at a given rate per month, continues to bear that rate of interest, so long as the principal remains unpaid. The note in this case was as follows : " Ninety days after date, I promise to pay to the order of Harvey Phinney, two hundred dollars for value received, with interest from date, at five per cent. per month." The note was made in California, where it is legal for parties to stipulate for any amount of interest. This decision is in conformity with the ruling in that State. *Kohler* v. *Smith,* 2 Cal. 597.

The law under which the note in suit was executed, provides, that from and after the passage of this act, the rate of interest upon all contracts and agreements, written or verbal, express or implied, for the payment of money, shall be six per cent. per annum upon every one hundred dollars, unless otherwise

expressly stipulated by the parties, or otherwise provided by law. The second section makes valid and binding agreements to pay ten per cent. per annum.

Here are two rates of interest provided for, one conventional, the other statutory. The ten per cent. rate is expressly stipulated by the parties, and must prevail over the statute rate. This contract must be construed like all other contracts, and the intention of the parties must prevail. Now what did the parties intend when making a contract to pay ten per cent.? Can any one doubt, it was the intention, as well of the maker as of the payee of this note, that ten per cent. should be paid, until the note was fully discharged? Such is the common sense understanding of the contract, and the statutory interest does not control it at all. Such contracts are made every day. It is the rate of interest fixed by the parties themselves, and to attach to the debt until it should be fully paid, and so long as it remains a note. Conventional, not legal interest was the contract, and such contracts are sanctioned by law.

This is our view of it, and we think the court decided correctly in computing the interest up to the time of the entry of the judgment. After that, it ceases to be a note, and the judgment will bear but six per cent. interest, for then there is no longer a contract to pay interest. The law then steps in, and burdens the judgment with but six per cent. The interest is no longer conventional, but determined by law.

The judgment is affirmed.

*Judgment affirmed.*