E. A. MEADERS ET AL. v. N. D. GRAY.

1. APPEAL. *Acceptance of amount due on decree. Effect on appeal. Case in judgment.*

In April, 1873, G. borrowed money of E., and gave therefor his promissory note for $907, due eight months after date, "with twenty per cent interest per annum from date." To secure the payment of his note G. executed to W., as trustee, a deed of trust on certain lands. Several payments had been made on the note, when, in March, 1879, the trustee advertised for sale the land embraced in the deed to pay the balance due on the note. G. then filed a bill in chancery alleging that E. claimed on the note a balance of about $1,200, consisting largely of usurious interest, while there was not legally due more than $500, and asking for an account to ascertain the amount due, and for an injunction against the sale of the land. The court granted the injunction, and ordered an account to be stated between the parties, with the instruction to the commissioner to allow twenty per cent interest per annum on the note to its maturity, and six per cent thereafter. E. excepted to the instruction in so far as it limited the rate of interest to six per cent after the maturity of the note. The commissioner reported $755 as the amount due E., who excepted to the report for the same reason that he had excepted to the instruction of the court. A decree was rendered requiring G. to pay the $755, or to have his land sold to satisfy the same. Within the time allowed for payment thereof, G. paid and E. accepted the sum of $755, in satisfaction of the amount due on the decree. E. appealed to this court, and G. plead payment of the decree in bar of E.'s right of appeal. *Held*, that, in the circumstances of this case, E.'s acceptance of the sum allowed him by the decree, did not debar him of his right of appeal from that decree.

2. INTEREST. *Whether specified rate continues after maturity of debt.*

A contract to pay interest from its date at a specified rate, binds the promissor to pay that rate of interest until the discharge of the principal debt, and not merely to the maturity thereof, provided, however, that the contract be silent as to how long the payment of the specified rate of interest shall continue.

APPEAL from the Chancery Court of Lafayette County.

Hon. A. B. FLY, Chancellor.

On the 11th of April, 1873, N. D. Gray gave to E. A. Meaders, for borrowed money, his promissory note, due eight months after the date thereof, for $907.50, "with twenty per cent interest from date per annum." To secure the payment of the note Gray executed to W. P. Meaders, as trustee, a deed of trust on certain lands. Several payments were made on the note, but on the 11th of March, 1879, a considerable balance still being unpaid, the trustee advertised the land for sale,

under the deed of trust, to satisfy said balance. Whereupon Gray filed a bill in chancery against E. A. Meaders and W. P. Meaders, alleging that while he only owed about $500 on his note to E. A. Meaders, the latter claimed about $1,200 due thereon, and that the contract embraced in the note and deed of trust was usurious, and the amount claimed by Meaders was largely made up of usurious interest. The bill prayed for an injunction to prohibit the sale of the land, and for an account to ascertain the amount legally due, and a decree fixing the rights of the parties accordingly. The injunction was granted, and an order was made appointing a commissioner to state an account between the parties, with the instruction to allow twenty per cent interest per annum on the note to the date of its maturity, and six per cent thereafter. The commissioner's report showed the complainant indebted to the defendant, E. A. Meaders, in the sum of $755.55. The defendants excepted to the order of the court instructing the commissioner to allow only six per cent on the note after its maturity, and to the report of the commissioner upon this point. But on the 14th of October, 1879, the court rendered a final decree fixing the amount of the complainant's indebtedness as reported by the commissioner, and requiring him to pay the same within sixty days or to submit to have his land sold by the trustee in the deed of trust, to satisfy the indebtedness. From this decree the defendants appealed to this court.

In this court the appellee, Gray, filed a plea averring that he had, in obedience to the decree, on the 11th of December, 1879, paid to E. A. Meaders the sum of $755.55, which the latter received in full satisfaction of the decree of the court below, and claiming that by reason of such payment and acceptance the appellants had barred themselves of the right to prosecute their appeal. The appellants replied that the $755.55 was not accepted as full payment of the appellee's indebtedness, but only as part payment thereof, and that the appeal is prosecuted to reverse the decree of the court below as to the balance of

60 Miss. — 26.

their claim. The appellee demurred to the replication of the appellants.

*R. H. Golladay*, for the appellants.

1. Reception of the amount of decree in lower court is not a bar to the appeal. *Gordon* v. *Gibbs*, 3 Smed. & M. 473, 492; *Erwin* v. *Lowry*, 7 How. (U. S.) 183, 184; *O'Hara* v. *McConnell*, 93 U. S. 154; 2 Dan. Ch. Pr. 1467, and note 6; *Tarleton* v. *Goldthwaite*, 23 Ala. 346, 355, 356; *Shingler* v. *Martin*, 54 Ala. 355. In the last above case the court distinguishes between |payment of a judgment at law and a decree in chancery. In decree in chancery appeal is not barred in a case " in which it is apparent, or admitted, that the appellants are entitled to recover all they have received, and perhaps more." *Clowes* v. *Dickenson*, 8 Cow. 328, cited and approved in *Knapp* v. *Brown*, 45 N. Y. 209, 210; 14 N. Y. 288; *Parks* v. *Doty*, 13 Bush, 729; *Dudman* v. *Earl*, 49 Iowa, 39, 40. The principles applicable to the question seem to be satisfactorily presented by Ch. J. Robertson, in the Supreme Court of New York City. *Benkard* v. *Babcock*, 2 Robt. 179, 180. No question as to appellant's right to the amount paid him, and it might seem strange that the reception of part should estop to claim balance. One is not estopped to sue for balance though he agree, if without consideration, to accept part in satisfaction. Receiving amount tendered does not debar suit for balance of claim.

2. The note stipulates for twenty per cent from date, but omits " till paid," and the chancellor, following the decision of the Supreme Court of the United States, held that six per cent only was recoverable after maturity. Our court does not concur in this position. *Gattman* v. *Weiler*, Haas & Krouse, Opinion Book I, pp. 557, 558. At the time [April, 1873] the note was executed, it was legal. Act March 12, 1873; Acts 1873, pp. 81, 82. The note in the case last cited, in the feature we are now considering, is like the note executed by appellees, and the position was urged that a note stipulating for ten per cent, after maturity could bear but six per cent; but the court

declares that interest at ten per cent should be computed as well after as before maturity, saying that " we decline to follow the authorities holding the contrary doctrine." *Cecil & Perry* v. *Hicks*, 29 Gratt. 1, 4; *Monnets* v. *Sturgess*, 25 Ohio, 384; *Brannon* v. *Hursels*, 112 Mass. 63; *Beckwith* v. *Trustees of Hartford, etc.* 20 Conn. 268; *Adams* v. *Way*, 33 Conn. 419; *Spencer* v. *Maifield*, 16 Wis. 185; *Kohler* v. *Smith*, 2 Cal. 597; *Hopkins* v. *Crittenden*, 10 Texas, 189. But we will content ourselves with reference to *Overton* v. *Bolton*, 9 Heisk. 762, 770, 771, where authorities are collected and the subject considered. We are aware that a different rule obtained in the Supreme Court of the United States, but this court, in the case first cited [not reported], dissent expressly. And see *Keene* v. *Keene* 3 C. B. ( N. S. ) —; 91 C. L. R. 144.

*H. A. Barr*, for the appellee.

1. The general rule is that a party cannot accept the benefit of a judgment or decree and then attempt to set it aside as erroneous. Such acceptance is a waiver of the right to appeal. To sustain an appeal after the party has accepted the money would be contrary to the principle which prohibits a party from claiming under and at the same time repudiating the decree. It would be contrary to that general maxim of the law, "*qui sentit commodum, sentire debet et onus.*" It is believed that every well considered case upon the subject holds that a party is estopped from appealing after he has accepted the benefit of a judgment or decree by receiving payment in full and giving a receipt. By receiving payment and giving a receipt he, by his own act, extinguishes the decree. He cannot satisfy and extinguish a decree and afterwards make it the basis of further proceedings. *Hall* v. *Abrahowski*, 9 Ala. 278; *Bradford* v. *Bush*, 10 Ala. 274; *Knox* v. *Steele*, 18 Ala. 815; *Shingler* v. *Martin,* 54 Ala. 354; *Murphy* v. *Murphy*, 45 Ala. 123; *Fly* v. *Bailey*, 36 Texas, 119; *Bennett* v. *Syckel*, 18 N. Y. 481; *Knapp* v. *Brown*, 45 N. Y. 207; *Morgan* v. *Ladd*, 2 Gilm. 414; *Thomas* v. *Negus*, 2 Gilm. 700; *Buckman* v. *Al-*

*wood*, 44 Ill. 183; *Holt* v. *Reid*, 46 Ill. 181; *Moore* v. *Floyd*, 4 Oreg. 260; *Independent District* v. *Dist. Deleware*, 44 Iowa, 201; *M. & M. R. Co.* v. *Byington*, 14 Iowa, 572; *Borgatthaus* v. *Ins. Co.*, 36 Iowa, 250; *Cogswell* v. *Colby*, 22 Wis. 399; *Pulling* v. *Safening*, 3 Wis. 337; *Pratt* v. *Page*, 18 Wis. 332; *Lamprey* v. *Hink*, 16 Minn. 405; *Garrin* v. *Garrin*, 38 Ind. 139.

2. The rate of interest mentioned in the note is twenty per cent. This rate is of such a devouring character — so oppressive, so unreasonable — and so grossly against conscience, that it ought not to be allowed by a court of equity. 1 Story Eq., sect. 331. Many highly respectable authorities hold that when the contract is silent as to the rate of interest after maturity the legal rate should be allowed after maturity. They hold that after a failure to pay, interest is then given, not according to the contract, but in the nature of damages, and that the rule of damages should be the legal rates of interest. *Brenstu* v. *Wakefield*, 22 How. 127; *Barnhisel* v. *Firman*, 22 Wall. 170; *Holden* v. *Trent Co.*, 10 Otto, 72; *U. S Bank* v. *Chapin*, 7 Wend. 471; *Macomber* v. *Dunham*, 8 Wend. 550; *Hamilton* v. *Van Rensselear*, 43 N. Y. 234; *Eaton* v. *Bariovault*, 67 Me. 540; *Hubbard* v. *Callahan*, 42 Conn. 524; *Pearce* v. *Hennesey*, 10 R. I. 223; *Billing* v. *Thompson*, 12 Bush, 210; *Kitchen* v. *Bank*, 14 Ala. 233; *Searle* v. *Adams*, 3 Kan. 516; *Brockway* v. *Clark*, Wright, 727; *Moreland* v. *Lawrence*, 23 Minn. 84; In the House of Lords, in England, in a recent case, *Cook* v. *Toulu*, L. R. 7 H. L. 27, the same rule is followed.

*W. P. & J. B. Harris*, on the same side.

It is a principle well supported by reason and the weight of authority, that a party cannot be allowed to prosecute a writ of error, or appeal from a judgment or decree after he has enforced it by execution, or voluntarily accepted performance of it. There are numerous cases, both at law and in equity, in fact a large majority of cases on the point, which announce this doctrine. No distinction seems to have been made be-

tween an acceptance of payment and an enforcement of the judgment by execution, or other process or constraining order. In *Fly* v. *Bailey*, 36 Texas, 119, it appeared that after giving notice of appeal the appellant enforced his judgment by execution. His appeal was dismissed for this cause on motion. In *Murphy* v. *Murphy*, 45 Ala. 123, voluntary acceptance of payment of a sum decreed by the Probate Court was held to deprive the party of his right to prosecute an appeal. In the Supreme Court of that State there is a practice under which the court puts the party on terms to restore, or refund, or submit to dismissal. In Louisiana, *Campbell* v. *Orillon*, 3 La. An. 115, where, after appeal, the party sued out execution, the appeal was dismissed for that cause. In Illinois, we have examples of the application of the rule in equity causes, where there has been a voluntary acceptance of the fruits of the decree. A case like this is *Holt* v. *Rees*, 46 Ill. 181, founded on earlier cases. *Morgan* v. *Dodd*, 2 Gilm. 414; *Thomas* v. *Negus*, 2 Gilm. 700. The doctrine is maintained in Iowa. 44 Iowa, 201. In New York, issuing execution after appeal is ground of dismissal. *Knapp* v. *Brown*, 45 N. Y. 207; *Burnett* v. *Vaughn*, 13 N. Y.—. It does not seem to be disputed anywhere that at law, if a party enforces a judgment by execution, or accepts performance of it, he cannot appeal from it. It is said in some cases (very few that we have been able to find) that the same rule does not apply to equity causes for the reason that an appeal in equity does not of necessity involve the whole decree appealed from, whereas a writ of error at law necessarily goes to the whole judgment. The appellate court in equity causes may affirm as to part, or the party appealing may complain of part of a decree. If there be an exception in equity causes it must be in cases where there is a prayer for relief, as to matters that are separable, and where the appellate court is asked to extend the relief, to a matter as to which it was denied in the inferior court.

    *W. P. Harris*, also argued the case orally.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant was not barred from his appeal by his acceptance of the sum decreed to be paid him. The suit was by the appellee to compel the appellant to accept in satisfaction of his demand a less sum than he claimed to be due, and after obtaining the decree, the appellee paid the sum decreed, which was received and receipted for by the appellant, whose acceptance of it is now pleaded as a bar to his appeal. In this case we adopt the view of the Supreme Court of the United States in a similar case. *Erwin* v. *Lowry*, 7 How. 172.

We decline to lay down a rule for any other state of case than that here presented. The members of the court are not agreed on the general question, whether acceptance of what is adjudged precludes an appeal from the judgment or decree. We have examined all the cases on the subject and fully considered it and have failed to harmonize our views. One member of the court holds the opinion that coercion of satisfaction will bar an appeal, while mere acceptance of performance will not. Another entertains the view that acceptance of payment will bar an appeal, and the third contends that the right to enforce a judgment or decree and to appeal from it are co-existent rights conferred by statute, and that the right to appeal is not impaired by the exercise of the legal right to have execution. All of us agree that the right to appeal was not lost by the acceptance of the money by the appellant, and this result would follow the application of the views of a majority of the court as given above.

The following cases have been examined by us, and bear upon this question: *Clowes* v. *Dickerson*, 8 Cow. 328; *Tarleton* v. *Goldthwaite's Heirs*, 23 Ala. 346; *Shingler* v. *Martin*, 54 Ala. 354; *Benkard* v. *Babcock*, 2 Robt. 175; *Thomas* v. *Negus*, 2 Gilm. 700; *Morgan* v. *Ladd*, 2 Gilm. 414; *Holt* v. *Rees*, 46 Ill. 181; *Kasting* v. *Kasting*, 47 Ill. 438; *The Ind. Dist.* v. *The Dist. Delaware*, 44 Iowa, 201; *Borgatthaus* v. *The Farmers*, 36 Iowa, 250; *Moore* v. *Floyd*,

4 Oreg. 260; *Catlow* v. *Cox*, 25 Texas, 578; *Fly* v. *Bailey*, 36 Texas, 119; *Knapp* v. *Brown*, 45 N. Y. 207; *Higbie* v. *Westlake*, 14 N. Y. 281; *Hall* v. *Lacy*, 37 Pa. St.—; *Cassell* v. *Fagin*, 11 Mo. 207. From an examination of those cases, and the cases they cite, it. will be seen how diverse and unsatisfactory are the views of different courts on this question. The question in this case is, whether a contract to pay a specified rate of interest is a contract to pay at that rate until the principal is paid, or is it to pay the specified rate until the maturity of the debt, and does the debt after maturity bear only the legal rate of interest?

In *Gattman* v. *Weiler et al*, M.S. opinion, book "I," 557, we held that the specified rate of interest continued as long as the debt was unpaid; but urged by counsel, and in view of the conflict of opinion and decision on this question, we have examined it anew, and are strengthened in our former view. We are satisfied that to hold that the stipulated rate of interest shall not govern after the maturity of the contract would be to disregard the plain intent and common understanding of men in their contracts, to pervert the unmistakable meaning of their language and unjustly to pay defaulting debtors a premium not contemplated by them for their default. It is probable that no man ever promised a stipulated rate of interest who did not well understand that it was to be borne as long as the debt was unpaid. When the contracting parties stipulate for a rate of interest different from that prescribed by law, their agreement, if not prohibited by the statute, fixes the incident of the debt which attends it as long as it exists, and to say the rate fixed by statute to govern in the absence of a conventional rate shall at any time supersede the rate agreed on, is to do violence to the right of parties to make their agreement a substitute for the statutory rate. We are aware that some courts hold a different doctrine, and we think it quite evident that hard cases have made bad precedents; but it is true, as declared by the Supreme Court of the United States in *Cromwell* v. *County of Sac*, 96 U. S. 51, that

" the preponderance of opinion is in favor of the doctrine that the stipulated rate of interest attends the contract until it is merged in the judgment." It may be confidently affirmed that the overwhelming weight of opinion as respects number and reasoning is in favor of the doctrine that the stipulated rate of interest attends the contract after maturity as well as before.

It seems to us that under our statute declaring that, " all judgments and decrees founded on any contract, shall bear interest after the rate of the debt on which such judgment or decree was rendered," there is no plausible ground for the assertion that the stipulated rate of interest ceases at maturity of the debt. It would be a singular result of the contract that it should bear the specified rate of interest until maturity, and then the statutory rate until judgment or decree, and then, by force of the statute just quoted, the rate of the debt. Surely, no such thing was ever contemplated by the lawmakers or contracting parties. The unmistakable meaning of our statutes is that the rate of interest prescribed by them shall govern in the absence of contracts in writing as authorized for a different rate, and that such contract shall govern instead of the statutory rate, and that judgment and decrees shall bear interest after the rate of the contract on which they are founded. It is manifest from the reasoning of the judges in cases holding a different doctrine from ours that under statutes such as ours there would be no dissent from our view. It is not admissible under our statutes to vary the rate after judgment, for the statute declares that judgments and decrees shall bear the same rate of interest as the debt or contract on which they are rendered. We refer to the following cases as supporting our view: *Overton* v. *Bolton*, 9 Heisk. 762; *Etnyre.* v. *McDaniel*, 28 Ill. 201; *Hubbard* v. *Callahan*, 42 Conn. 524.

Decree reversed and cause remanded for further proceedings in accordance with this opinion.