Rentchler v. Kunkelman.

JACOB B. RENTCHLER

V.

LEONARD KUNKELMAN.

STATUTE OF LIMITATIONS.—The Statute of Limitations does not commence to run upon a bank certificate of deposit, payable one year after date, until the time expressed for its payment, although the bank becomes insolvent some time previously thereto.

APPEAL from the Circuit Court of St. Clair county ; the Hon. AMOS WATTS, Judge, presiding. Opinion filed November 27, 1885.

Mr. CHARLES W. THOMAS, for appellant; cited Terry v. Tubman, 92 U. S. 156; Terry v. Anderson, 95 U. S. 628.

Mr. WILLIAM C. KUEFFNER, for appellee.

PILLSBURY, P. J. This action was instituted by the appellee to enforce the liability of appellant as a stockholder in the People's Bank of Belleville under section nine of the charter. The provision invoked reads as follows: "Whenever default shall be made in the payment of any debt or liability contracted by said corporation, the stockholders shall be held individually responsible for an amount equal to the amount of the stock held by them respectively."

The bank on February 11, 1878, issued to appellee for money deposited a certificate of deposit for $700, due in one year from date upon return of the certificate properly indorsed, with seven per cent. interest for the time specified. The bank made an assignment for the benefit of creditors on April 22, 1878, and from that time ceased to do business. This action was commenced February 8, 1884.

To the declaration a plea of the Statute of Limitations of five years was interposed, upon which issue was joined, and the cause tried by the court upon a stipulation of facts, and a judgment entered for the plaintiff for $827.35, after allowing a credit of $225 collected from another stockholder, Nov. 12, 1884, and the defendant below appealed.

It is first urged that the judgment is excessive, as it includes seven per cent. interest from the date of the certificate to final judgment; when after due the certificate should only draw six per cent. We think the language of the certificate is not of such a character as will take it out of the rule of computing interest adopted in Phinney v. Baldwin, 16 Ill. 108, and Entyre v. McDaniel, 28 Ill. 201, where it is held that the conventional rate of interest named in the note runs until the debt is paid. Computing the interest on $700 for seven years, two months and nine days at seven per cent. and deducting the $225, as the interest at the time of this payment exceeded the amount paid, and the sum is $827.39, being four cents more than the judgment.

The principal contention of the appellant, however, is, that the court erred in not holding that the action was barred under the Statute of Limitations pleaded.   It is insisted that the statute commenced to run on the 22d day of April, 1878, the date of assignment by the bank, and reckoning from that date, more than five years elapsed before the appellee brought his suit.   The statute relied upon commenced to run from the time the cause of action accrues.   Whenever the plaintiff can maintain his action the statute commences to run against him and not before.

By the provision of the charter above referred to and upon which the liability of appellant is founded, no action can be brought against a stockholder until the corporation makes default in the payment of the debt or liability contracted by it. This 'default must, it is believed, be a failure to pay such indebtedness when it legally owes the duty of paying, or the obligation can be enforced against it by an action at law.   No person can legally be charged with a default in the performance of a duty until the party entitled to its performance is in a position to demand it.   How can it be said that a debtor is in default in the payment of a debt until by the terms of the contract creating it the creditor is entitled to demand its fulfillment?

The appellee had no legal right to demand payment of the money until by the terms of the certificate it was due and payable.   If he had presented it at any time before it was due he might well have been answered that the bank was not then owing him, and to call when it was payable.   It did not necessarily follow that the corporation would not resume payment before the year that the contract was to run had expired, nor that it might not in the meantime make arrangements to discharge it.   The appellee could not maintain an action against the bank upon the certificate until, by its terms, it had promised to pay, and it is equally clear that before that time he could not place it in default or call upon the stockholder to respond upon his statutory liability to pay the debts of the corporation. Less than five years intervened between the time the appellee could legally demand his money from the bank and the date of the commencement of this suit, and the action is therefore not

barred, conceding that five years will have that effect, as in our opinion the Statute of Limitations commenced to run at the same time in favor of the bank and the appellant as a stockholder.

The case of Terry v. Tubman, 92 U. S. 156, referred to as sustaining the view that the statute commenced to run from the failure of the bank, we do not consider as having a controlling influence upon the decision of this question. In that case the statute made the stockholders liable for the redemption of the bank bills, such liability being enforceable upon failure of the bank, and the plaintiff, being the holder of some of the bills of the bank, brought his action, and the court held that the statute commenced to run upon failure of the bank to do business as a bank, it being then notoriously insolvent.

In this case a " default to pay a debt or liability contracted," and of course according t the terms of the contract, is essential to charge a stockholder, a very marked distinction between the statutes imposing the liability upon the holders of stock of the corporation. We have held in Fleischer v. Rentchler, decided at the present term, that a certificate of deposit like the one here, is, by virtue of the provision of the charter, the contract of the stockholders upon which they are primarily bound as partners upon default in paying it through the corporation, and as an evidence of indebtedness in writing is binding upon them, and that the Statute of Limitations of five years did not apply; but an action could be maintained against a stockholder at any time it could against the corporation. If our conclusion was correct in that case the judgment in this case is proper; but even if we were in error there, we are clear that in this case the action was commenced within five years from the time the cause of action accrued for the reasons above stated.

No error appearing, the judgment of the court below will be affirmed.

Judgment affirmed.