## BOLLES *v.* TOWN OF AMBOY.

*(Circuit Court, N. D. Illinois. February 9, 1891.)*

INTEREST—ON OVERDUE COUPONS—FOLLOWING STATE DECISION.
    Under the Illinois decisions, denying interest on the overdue interest coupons of railroad aid bonds, such interest is not recoverable in the federal courts.

At Law.

*Morris S. P. Thomas*, for plaintiff.

*J. K. Edsall*, for defendant.

GRESHAM, C. J. The Chicago & Rock River Railroad Company was chartered by the legislature of Illinois March 24, 1869. The act authorized incorporated cities, towns, and townships along or near the route to aid the construction of the road by subscribing for the capital stock, and paying for the same by executing and delivering to the company, bonds bearing interest at a rate not exceeding 10 per cent. per annum. On April 5, 1872, the town of Amboy executed and delivered to the company its coupon bonds in satisfaction of a subscription to the capital stock, and this action was brought to recover the amount due on 30 coupons detached from those bonds, representing interest at the rate of 10 per cent. per annum, one of which, all being alike except in number and date of payment, reads as follows:

"$50.                                                    No. 28.

"INTEREST WARRANT—TOWN OF AMBOY.

"The Town of Amboy, state of Illinois, will pay the bearer on the 1st of July, A. D. 1880, fifty dollars, at the office of the treasurer of Lee county, being one year's interest on the bond numbered above.

                                        "F. R. DUTCHER, Supervisor.
                                        "J. T. TATE, Town-Clerk."

It is not claimed that the coupons draw interest by the mere terms or force of the act, or that the general statute of the state, allowing interest on money due, expressly includes the state or any of its municipalities. When the coupons were executed, it was the settled law in Illinois that such instruments did not draw interest. *City of Pekin* v. *Reynolds*, 31 Ill. 529, decided in 1863, was a suit on coupons detached from bonds executed and delivered by the city of Pekin in payment of a subscription to the capital stock of the Illinois River Railroad Company, and the

court held that neither the state, nor municipalities created by it, were bound to pay interest, unless there was an express agreement authorized by statute to pay interest. In legal effect, the coupons in that suit were not unlike the coupons which are the subject of this suit, and whether or not the latter bear interest is a question of local law. In *Holden* v. *Trust Co.*, 100 U. S. 72, it was held that where a statute prescribes a given rate of interest for money due, but permits a higher rate to be specially contracted for, such higher rate can be recovered only until the maturity of the debt, and thereafter the statutory rate. But in *Phinney* v. *Baldwin*, 16 Ill. 108, it was held that an instrument bearing interest, not at the usual rate, but at a higher authorized rate, bore the latter rate until the debt was paid; and in *Ohio* v. *Frank*, 103 U. S. 697, which went from this court on writ of error, the Illinois rule was observed and enforced on the ground that interest was a matter of purely local regulation. In discussing this question, the court said:

"The plaintiff in error relies upon the case of *Holden* v. *Trust Co.*, 100 U. S. 72, to support the claim that only six per cent. interest should have been computed on the bonds after their maturity. That case arose in the District of Columbia, where substantially the same regulations on the subject of interest were prescribed by statute as in Illinois. The court in that case said: 'The rule heretofore applied by this court, under the circumstances of this case, has been to give the contract rate up to the maturity of the contract, and thereafter the rate prescribed for cases where the parties themselves have fixed no rate.' But the court added: 'When a different rule has been established, it governs, of course, in that locality. The question is always one of local law.' A different rule has been established in Illinois by the decisions of the supreme court of that state. In *Phinney* v. *Baldwin*, 16 Ill. 108, it was held that a note given for a sum of money, bearing interest at a given rate per month, continues to bear that rate of interest as long as the principal remains unpaid."

This ruling was made in a suit on town bonds, issued under an Illinois statute, which authorized cities and towns to subscribe for the capital stock of a railroad company, and pay for the same by delivering to the company bonds drawing interest at a rate not exceeding 10 per cent. per annum. Bonds drawing 10 per cent. were executed and delivered in payment of the town's subscription for stock, and the supreme court of the United States held that although, under the federal rule, these bonds would draw but 6 per cent. after maturity, the plaintiff was entitled, under the state or local rule, to 10 per cent. until the principal was paid. If interest is always a question of local law, the recovery in this suit must be for the amount of the coupons without interest, for it is settled law in Illinois that such instruments do not draw interest. It is true that the supreme court of the United States has affirmed judgments rendered by this and other circuit courts against counties, cities, and towns in which interest was allowed on interest coupons; but it does not appear that in any of the cases which originated in Illinois the court's attention was directly drawn to the established rule in that state. In *Ohio* v. *Frank*, *supra*, the creditor was allowed to invoke the benefit of the local law to increase the amount of his recovery, and a debtor cannot

be denied the right to invoke the same law to reduce the amount of recovery against him.

If the federal courts allow the full amount of interest which a creditor may claim under the laws of Illinois solely on the ground that interest is a matter of state or local regulation, those courts cannot consistently allow interest on instruments which, under the well-established law of that state, do not draw interest.

Finding and judgment for the plaintiff for the amount of his coupons, without interest.