## CURRIE *v.* BENNETTE.

[67 South. 484.]

APPEAL AND ERROR. *Appeal from insufficient relief. Payment of amount of decree. Effect.*

Where appellant recovered in the lower court, from a decedent's estate a sum less than is claimed, she is not barred from appealing to the supreme court because she received on her request the amount of the decree in the lower court.

APPEAL from the chancery court of Harrison county.
HON. J. M. STEVENS, Chancellor.

Suit by Annette Currie against J. F. Bennette, administrator of B. D. Currie, deceased. From a decree granting insufficient relief, plaintiff appeals. On motion to dismiss.

The facts are fully stated in the opinion of the court.

*L. Brame* and *T. M. Evans,* for appellant.

*U. B. Parker* and *E. J. Bowers,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree in the court below awarding appellant the recovery of a sum of money less than that to which she claims to be entitled. The cause now comes on to be heard on a motion by appellee to dismiss, which motion, by agreement, has been converted into a plea in bar, for the reason that since the rendition of the decree appealed from appellee had paid to appellant the full amount of money thereby awarded her. This payment was made by appellee pursuant to a request of appellant so to do; and, while appellee claims to have been at the time under the impression that no appeal would be taken, it does not appear that

appellant agreed not to do so.. Appellee's only com-
plaint along this line seems. to be that he was not told
by appellant that an appeal would be taken.

Appellant, who is the widow of B. D. Currie, deceased,.
filed a bill in the court below seeking to recover from
appellant, the administrator of his estate, the sum of
one thousand, .four hundred and twenty-three dollars.
and fifty cents, alleged to be due her by this estate.
Appellee filed an answer and cross-bill denying ap-
pellant's right to recover this money, and praying that
she be held to account to him for the sum of nine hun-
dred and fifty dollars found on the body of B. D. Currie
after his death, and appropriated by her, and also for
certain money alleged to have been received by her and
which belonged to the estate of her deceased husband..
Numerous amendments were made in the pleadings by
both parties, but the issue was substantially as stated.

An objection had been filed by appellant in the ad-
ministration proceedings to the confirmation of the re-
port of the appraisers; the objection being that no al-
lowance for the year's support for herself and children
had been set apart.    These two cases were consolidated
and tried as one.

A decree adjudicated each of these controversies.
separately,.awarding to appellant: First, the one thou-
sand, four hundred and twenty-three dollars and twenty
cents claimed by the estate of her deceased husband, to-
gether with interest thereon amounting to three hundred
and eighteen dollars and seventy-five cents, making a
total of one thousand seven hundred and forty-one
dollars and seventy-five cents; second, the sum of seven
hundred and forty-eight dollars as a year's support for
herself. and children; third, that she retain the nine
hundred and fifty dollars found on the body of her de-
ceased husband after his death, she having established
her right thereto; and, fourth, directing that she account
to appellant for the sum of one thousand, two hundred

and twenty-eight dollars and ninety-six cents collected by her and adjudged to be the property of appellee's intestate—the total amount thus adjudged to be due appellant being two thousand, two hundred and twenty-five dollars and ninety-five cents. Appellee was directed to deduct therefrom the one thousand two hundred and twenty-eight dollars, and ninety-six cents found to be due him by appellant, and to pay her the balance, amounting to one thousand, two hundred and ninety-six dollars and ninety-nine cents. It thus appears that the decree appealed from settles several separate and distinct controversies, neither of which is in any wise dependent upon the others; and, in event error shall appear in the adjudication of the issue upon which appellant lost, it will not be necessary, by reason thereof, for the entire decree to be reversed, but only that portion thereof dealing with that issue; the remainder of the decree being permitted to remain in full force and effect. Whether the decree is affirmed or reversed, appellant must recover from appellee at least the amount awarded her in the court below; so that in neither event will injustice be done appellee by not dismissing the appeal. The fact that the payment of this money was requested by appellant is immaterial.

In *Meaders* v. *Gray,* 60 Miss. 400, 45 Am. Rep. 414, the appellant recovered less than he claimed; the amount due him being the only issue involved. He accepted payment of the amount so recovered; then prosecuted an appeal to this court; and it was held that he was not barred thereof by reason of having accepted the amount recovered. If that case was correctly decided, and we think it was, it follows *a fortiori* that appellant is not barred here.

*Overruled.*