## CURRIE *v.* BENNETT.

[71 South. 324.]

APPEAL AND ERROR. *Right of review. Compliance. Payment.*
> The right of a defendant against whom a money judgment has been rendered, to pay the same, and afterwards appeal to the supreme court is well settled in this state.

APPEAL from the chancery court of Harrison county. HON. J. M. STEVENS, Judge.

Suit by Annette Currie against J. F. Bennett, administrator. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*T. M. Evans* and *L. Brame,* for appellant.

*U. B. Parker* and *Bowers & Bowers,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellant, who is the widow of B. D. Currie, deceased, filed a bill in the court below seeking to recover from appellee, the administrator of his estate, the sum of one thousand, four hundred and twenty-three dollars and fifty cents, alleged to be due her by this estate. Appellee filed an answer and cross-bill denying appellant's right to recover this money, and praying that she be held to account to him for the sum of nine hundred and fifty dollars found on the body of B. D. Currie after his death, and appropriated by her, and also for certain money alleged to have been received by her and which belonged to the estate of her deceased husband. Numerous amendments were made in the pleadings by both parties, but the issue was substantially as stated. An objection had been filed by appellant in the administration proceedings to the confirmation of the report of the appraisers, the objection being that no allowance for the year's support for herself and children had been set apart. These two cases were consolidated and tried as one. A decree adjudicated each of these controversies separately, awarding to appellant: First, the one thousand four hundred and twenty-three dollars and twenty cents claimed by the estate of her deceased husband, together with interest thereon amounting to three hundred and eighteen dollars and seventy-five cents, making a total of one thousand seven hundred and forty-one dollars and seventy-five cents; second, the sum of seven hundred and forty-eight dollars as a year's support for herself and children; third, that she retain the nine hundred and fifty dollars found on the body of her deceased husband after his death, she having established her right thereto; and, fourth, directing that she account to appellant for the sum of one thousand two hundred and twenty-eight dollars and ninety-six cents collected by her and adjudged to be the property of appellee's intestate—the total amount thus adjudged to be due

appellant being two thousand two hundred and twenty-five dollars and ninety-five cents. Appellee was directed to deduct therefrom the one thousand two hundred and twenty-eight dollars and ninety-six cents found to be due him by appellant, and to pay her the balance, amounting to one thousand two hundred and ninety-six dollars and ninety-nine cents. After the rendition of this decree, appellee and cross-appellant paid to appellant the sum of money adjudged therein to be due her; and thereupon appellant appealed to this court in order to obtain relief from that portion of the decree which was adverse to her. A motion was then made by appellee to dismiss this appeal, for the reason that appellant had accepted the fruits of the decree appealed from and was thereby estopped from appealing; which motion was overruled, and the opinion then rendered will be found reported in *Currie* v. *Bennette*, 67 So. 484. After this motion was overruled, appellee perfected a cross-appeal, intending to complain of that portion of the decree which was adverse to him. The cause now comes on to be heard on motion of appellant to dismiss this cross-appeal, for the reason that:

"The record and proceedings herein show that, after the rendition of the decree in the court below, the cross-appellant complied with that part of the decree which was adverse to him by paying and satisfying the amount decreed against him and therefore he has no right to prosecute an appeal therefrom."

Waiving the question as to whether or not the point here raised should have been presented by motion, or plea in bar, we will say that the right of a defendant against whom a money judgment has been rendered, to pay the same and afterwards appeal to this court, was settled in the case of *Gordon* v. *Gibbs*, 3 Smedes & M. 473, which case seems to be in accord with the present weight of authority. 3 C. J. 678; note to *McKain* v. *Mullen*, 29 L. R. A. (N. S.) 22.

*Overruled.*