ALBANY,
Sept. 1834.

The People
v.
Marine Court
of New-York.

THE PEOPLE, on the relation of Griffin, *vs.* THE JUSTICES OF THE MARINE COURT OF THE CITY OF NEW-YORK.

The marine court in the city of New-York has no power to set aside a judg-
ment and grant a new trial: if error occur, it must be corrected by *certio-
rari.*

September 18.     GRIFFIN obtained a judgment in the marine court of the city
of New-York against one Smith, which was set aside by the
marine court, and the plaintiff subsequently refusing to go to
trial on the issue joined in the cause, judgment of nonsuit was
entered against him.   Griffin then applied to this court and ob-
tained an *alternative mandamus,* directing the marine court to
set aside the judgment of nonsuit, and to proceed and execute
the judgment rendered in favor of the plaintiff, or to show
cause, &c.   The marine court obeyed the alternative manda-
mus, by setting aside the judgment of nonsuit.   Smith now
moved to set aside the rule granting the alternative mandamus,
or that the proceedings had thereon be vacated and a *return*
be made to the alternative mandamus.

   *The Court,* NELSON, J. presiding, refused to grant the mo-
tion ; and in delivering his opinion, the judge observed, that
if a return were made to the alternative mandamus, it would
be of no avail to the party asking it, for the purpose of
presenting the questions relied upon by him as error on the
part of the plaintiff in the court below.   In reference to the
power of the marine court to set aside judgments, he observ-
ed : " We have looked into the statute instituting this court,
and investing it with judicial powers, and we are satisfied no
authority can there be found authorizing the marine court to
set aside judgments and grant new trials.   The clause most
favorable to the construction that such power exists in the
marine court is this : " and for the purpose of hearing, trying
and determining all such actions, as are hereby made cogni-
zable before the same court, such court is hereby vested with
all such power and authority as is vested in other courts of

record in this state, and is hereby made and constituted a court of record." 2 R. L. 382, part of § cvi. The same provision, however, is substantially contained in the former *twenty-five dollar act*, as thus : " and every such justice is hereby authorized to hold a court for the trial of all such actions, and to hear, try and determine the same according to law and equity, and is hereby vested with all such power for the purpose aforesaid as is usual in courts of record of this state," 1 R. L. 387, § 1, and is to be found in the subsequent acts relating to the jurisdiction of justices of the peace ; and as to the power of justices of the peace to grant new trials, it is abundantly settled that they do not possess it. For error, in proceedings under the *twenty-five dollar act*, the remedy was by *certiorari* given by statute, which is the remedy also for errors in proceedings in the marine court. 2 R. L. 398, § cxliii. 2 Johns. R. 181. 8 Cowen, 133. The restrictions and limitations upon the remedy by *certiorari*, in these cases, would seem to repel the idea of an unlimited power in these courts, at discretion, to arrest a judgment or grant a new trial. The power, unless expressly given, is too delicate and important to be exercised by tribunals deriving their existence by statute."