By the Court. Mason, J.
This is an action by the plaintiff, claiming to be crier of the marine court of the city of Hew York, for his services as such crier, from the 8th of March, 1841, till the 17th January, 1845.
The plaintiff founds his claim upon the tenth section of the act, entitled “ an act concerning costs and fees in courts of law, and for other purposes,” passed May 14,1840, and the first section of the act, entitled “ an act in relation to the compensation of criers and sergeants-at-arms,” passed April 11,1842.
The tenth section of the act of 1840, after prescribing the compensation of the criers of the supreme court, contains as follows:—“Criers of other courts shall receive during their attendance upon the court, the same compensation as constables are by law allowed, to be audited and paid as county charges.” The first section of the act of April 11,1842, also prescribes the compensation of the criers of the supreme court and of the sergeant-at-arms of the court of chancery, and then contains the following clause:—“ Criers of other courts shall receive one dollar and fifty cents for each day during their attendance upon the court, to be certified by the clerk of the court, and to be paid by the treasurer of the county, or chamberlain of the city in which such court shall be held, on the production of the certificate of the clerk specifying the number of days such crier shall have attended.”
The second section of this act repeals the tenth section of the act of 1840.
It is very clear that the plaintiff cannot recover in this suit against the chamberlain of the city, for services performed prior to the passage of the act of 1842 ; since the compensation for such services was, by the act of 1840, to be audited by the-board of supervisors and paid as county charges. There is this further objection, that, by the thirty-ninth section of the act of 1840, it was declared, that the act should not apply to the marine court. The counsel for the plaintiff endeavored to distinguish between the court and its officers, and contended, that the restriction of the thirty-ninth section must be confined to the proceedings in the court, and to the fees of the justices themselves, and not of the officers of the court. But we think, that the manifest mean *301 ing of the section is, that the act is to have no relation to the court, its proceedings, or officers. The act of 1842, however, has no such restriction; and, although it was urged by the counsel for the defendant, that it was only to be considered as a substitute for the tenth section of the act of 1840, and that the thirty-ninth section of the last mentioned act controls it, yet, as the act of 1842 is in terms applicable to all courts having criers, or entitled by law to have them, we shall consider it as extending to the marine court, if that court is by law authorized to appoint a crier.
This was the principal question discussed on the argument. It is not perhaps directly raised by the demurrer to the complaint. Yet as the parties have stipulated, that the court may, upon the demurrer, decide whether the marine court possessed the power to appoint a crier, and whether the act of 1842 gives his compensation, we proceed to consider it.
The counsel for the plaintiff admits that there is no express provision of the statute conferring this power, but contends that the court possesses it as an incident to its character as a court of record. He insists that all courts of record have the power to create bailiffs, or serjeants, or criers, from the simple fact of their being courts of record; and perhaps the English authorities cited on the argument bear him out in this position, so far as common law courts of record are concerned. The question then presents itself, is the marine court in all respects a court of record, and does it possess all the power incident to a common law court of record %
The act constituting this court, originally named the Justice’s Court in and for the city and county of Hew York, is to be found in 2 Eev. Laws, p. 381 to 398, and forms part of the act entitled, “ An act to reduce several laws relating particularly to the city of Hew York into one act,” passed April 9,1813. The 106th sec. declares, that for the purposes of hearing, trying, and determining all such actions as were made cognizable before the same court, such court was thereby vested with all such powers and authority as is vested in other courts of record in this state, and was thereby made and constituted a court of record. It -will be perceived that the powers of a court of record are conferred in *302 this section, only for the purpose of hearing, &c., actions of which it has cognizance ; and there is no general grant of such powers. A similar provision is contained in the 86th section of the same act with regard to assistant justices’ courts. (2 E. L. 370. See also 1 E. 387, § 1.)
The 107th section, however, declares explicitly, that the said court shall be and is hereby declared to be a court of record, and shall have a seal and a clerk. This section was principally relied on by the counsel for the plaintiff, and was deemed by him to be conclusive. In determining this point, however, we are not to confine our view to a single section, but to look at the whole act, and by doing so we shall find that the marine court is a court of special and peculiar jurisdiction—that its powers and all its modes of procedure are particularly prescribed by the act, and are similar to those in the ordinary justice’s courts—that the compensation to the justices was originally derived in the same way, from fees paid by the parties; that its process is executed, not by the sheriff, but by marshals and constables; that in all these and numerous other particulars, it differs from all the other courts of common law jurisdiction in this state, except courts of justices of the peace.
The late supreme court has on several occasions been called upon to give a construction to this part of the statute. Thus in the case of The People v. the Justices of the Marine Court, (12 Wend. 220,) it was decided that the marine court had no power to set aside judgments and grant new trials. The court say, “ we have looked into the statute instituting this court and investing it with judicial powers, and we are satisfied no authority can there be found authorizing the marine court to set aside judgments and grant new trialsand again, “ the restrictions and limitations upon the remedy by certiorari, would seem to repel the idea of an unlimited power in these courts, at discretion, to arrest a judgment or grant a new trial. The power, unless expressly given, is too delicate and important to be executed by tribunals deriving their existence by statute.” The court evidently proceeded on the idea that not only was the court created by statute, but that it possessed no powers except such as were expressly granted by statute.
*303 In the case of Lester v. Redmond, (6 Hill 590,) the marine court had decided that the limitation of six years to actions upon judgments rendered in any court not being a court of record, (2 R. S. 296,) did not apply to that court, because it was a court of record. The superior court had reversed the judgment, on the ground that the marine court was not a court of record, and the supreme court affirmed the judgment of this court.
The justices’ court of the city of Albany, is in many respects like the marine court. It is composed of three justices, has a clerk and a seal, and is declared to be a court of record. In the case of Wheaton v. Fellows, (23 Wend. 375,) the question was presented, whether nil débet was a good plea to an action on á judgment rendered in that court, or whether it should have been mil Uél record; and the court after premising that if the judgment was to be regarded in the same light as a judgment rendered by a justice of the peace, nil débet was the proper plea; but if it should be treated like a judgment of the supreme or a county court, the plea should have been mil Uél record; entered into a minute examination of the powers and mode of proceeding in that court, and came to the conclusion that, while it possessed, like other justices’ courts, many of the powers of a court of record, yet it was not in a strict legal sense entitled to that character, that its judgments were not enrolled, and a writ of error would not lie upon them, both of which particulars are incident to a court of record, and that therefore nil debet was the proper plea. The marine court resembles the justices’ court of Albany in the particulars relied on by the supreme court for this decision. (See § 110, 142.) -
There are various legislative enactments, which show that the legislature coincided with the court, in their views on this subject. For instance, the 1st chapter of part 3d of the revised statutes, treats of courts of general or limited jurisdiction, embracing the courts of errors, of chancery, supreme court, &c. The second chapter relates to courts of peculiar and special jurisdiction, among which we find the marine court, (2 R. S. 323, 3d ed.;) and also several provisions relative to justices’ courts, are made applicable to the marine court. (2 lb. p. 372, 3d ed. § 314.) The third chapter of the third part is divided into two titles; *304 the first contains general provisions concerning the courts of justice specified in the two preceding chapters ; and the second, general provisions respecting courts of record; and the first section of the second title, declares that the several courts treated of in the first chapter are courts of record, thus excluding from this description, the court, treated of in the second chapter. (2 lb. 315, 3d ed.)
Again, in 2 R. S. 454, 3d ed., it is enacted that all judgments thereafter rendered m envy court of record, shall bind and be a charge on real estate. But it never was pretended that judgments in the marine court bound real estate. It was not until the code went into operation, that transcripts of judgments from that court, could be docketed in the county court, so as to become liens, although the judgments in the assistant justices’ court have been so docketed for several years.
But it is unnecessary to pursue this subject further. It is manifest, both from judicial decisions and legislative enactments, that the marine court is not a com’t of record, in the strict legal sense of the term. It may be called a statutory court of record, having certain powers of such a court expressly given it by the statute, and none others ; and of course it has none of the incidental powers of a court of record, and can appoint no officers except such as are named in and authorized by the act creating it, or subsequent acts.
The court, then, having no authority to appoint a crier, the plaintiff is not entitled to claim compensation under the act of 1842, for any services which may have been performed by him in that capacity.
This view of the case renders it unnecessary to notice the other points raised on the argument.
Judgment for defendant.