# SUPREME COURT.

## The People, on the relation of De La Figaniere, agt. The Justices of the Marine Court.

There is no provision for a *motion for a new trial* before a *single judge at special term*, in the *Marine Court*, as in the Supreme Court.

But questions which form an application for a new trial, whether upon exceptions raising questions of law merely, or as against the *weight of evidence*, may be heard and determined by the Marine Court upon *appeal at general term.*

*Appeals* from the Marine Court to the *Common Pleas*, can only be taken on decisions of the *general term* of the Marine Court.

*New-York Special Term,* Sept., 1855.

APPLICATION for a mandamus, to compel the justices of the marine court to vacate an order made by them at general term, modifying a judgment on the verdict of a jury rendered in favor of the relator.

—— ———— *for plaintiff.*

A. A. PHILLIPS, *for defendants.*

CLERKE, Justice. The only power of review possessed by the justices of the marine court over their own decisions and judgments, is given by the act passed July 21, 1853. Previously to this they could not grant a new trial, or reverse their judgments; (*See The People* agt. *The Marine Court,* 12 *Wend.* 220;) but by this act they are authorized to appoint general terms, at such time as they may deem proper, and an appeal may be taken from a judgment entered by the direction of a single judge of the court to the justices thereof, at a general term, in the same manner, and with the like effect, as appeals in the supreme court from the decision of a single judge to the general term. There is no provision for a motion for a new trial before a single judge at special term, as in the supreme court; but it does not follow that a party cannot obtain a new trial by appeal to the general term, on the same grounds and for the same reasons for which a new trial could be obtained in the supreme court by motion.

The legal signification of proceedings on appeal does not import the review merely of questions of law; "appeal" signifies simply the removal of a cause from an inferior to a superior jurisdiction; and any question of fact or law, or both, may be the subject of appeal, or the whole facts or the whole case; as, for instance, appeals in summary proceedings to remove tenants; from the decisions of justices of the peace to the court of common pleas, or county courts. It is, indeed, now the substitute for a writ of error. But it is more; it is the method by which all the mistakes in the judgments of an inferior juris-

diction are rectified, except when otherwise specially provided. If a motion for a new trial before a single judge had not been expressly prescribed in the superior courts by § 265, those courts would have the right, from their inherent power of rede-liberation and review, to modify and reverse their judgments at general term, *for any cause.*

So the marine court, as a consequence of the new power in-vested in it by the act of 1853, to reconsider and review its judgments by appeal, without restriction or qualification, can, as it has done in the present case, vacate or modify its judg-ments on the ground of being against the weight of evidence, as well as if exceptions were taken at the trial, and the objec-tions raised involved only questions of law. I am, therefore, of opinion, that in the absence of any provision in the act of 1853, requiring a motion for a new trial in the first instance, that the questions usually constituting grounds for such an ap-plication, can be heard and determined in the marine court on appeal at general term, and only in this way; and that the words in the act, "in the same manner and to the like effect," apply to the method of conducting the appeal, and to the re-sults, and not merely to the grounds and reasons of the appeal.

It was urged by the counsel for the relator, that the power of review, given by the 5th section of this act, applies only to de-cisions on motions to open defaults. This would be contrary to the whole tenor and evident aim of the act, extending the jurisdiction, remodeling the organization of the court, and in-vesting it with new and unrestricted authority to hold a general term. Whatever may be the obscurity of part of the language of § 5, I cannot suppose that the legislature intended that all this new machinery was designed exclusively for cases of default.

In answer to the remark, that the defendant ought to have applied to the court of common pleas for a new trial, I am of opinion, that appeals from the marine court to the court of common pleas, can only be from its decisions at general term. The action and deliberation of the inferior court must be always exhausted before the appellate court can entertain

jurisdiction of the cause. In the language of Judge BRONSON, in *Gracie* agt. *Freeland*, (1 *Com.* 228,) commenting upon appeals from the supreme court to the court of appeals, " it is not to be presumed that the legislature intended the parties should go to the court of last resort, before they had obtained the judgment of the full bench in the court where the proceedings were instituted. We ought to find unequivocal words to that effect, before we give such a construction to the statute." And again: " If the party has a right to a hearing at the general term, then he should go there from the special term, instead of taking an appeal. The legislature could not have intended that there should be an appeal to this court before the matter had been finally disposed of in the court of original jurisdiction." The defendant, therefore, had no other remedy than an appeal, in the first instance, to the general term of the marine court; and the question was properly entertained there.

It is unnecessary to consider the other points discussed.

The application must be denied, with costs.

---

# NEW-YORK COMMON PLEAS.