Smith, J.
The omission of the clerk to sign the judgment' roll on entering up the judgment of the Artisans’ Bank against Treadwells, Perry & Norton, does not affect the validity of the judgment. It was a clerical error, and a - mere question of practice and of. regularity, which the Supreme Court could and should at any time have allowed to have been amended, nunc . pro tunc. And the levy made by the plaintiff upon the execution issued on said judgment was entirely regular and valid, and created a perfect lien upon the property levied on in favor of the plaintiff in the execution, if the property at the time was subject to levy and sale at the instance of any single creditor of the partnership-. The levy, if otherwise valid, undoubtedly bound the whole partnership property, although the judgment was in form only against the general partners. This is in conformity to the 14th section of the statute relating to limited partnerships, which expressly provides that *491 “ suits in relation to the partnership may be brought and conducted by and against the general partners in the same manner as if there were no special partners.” Judgments in suits thus brought must necessarily have the same effect, so far as relates to partnership property, as if brought against all the partners. Such was the clear object and intent of the statute.
If the property levied on. by the sheriff was at the time subject to be taken by any single creditor of the partnership, as against ordinary partnerships, the rights of the judgment creditors in pursuance of such levy were complete -at the time of the levy, and they thereby acquired an absolute lien upon such property which they were entitled to hold and enforce in preference to other creditors, and the plaintiff’s right to maintain this action to enforce such lien is clear and unquestionable. This brings us to the only disputable question in the case, which is, whether the property of a limited partnership, after the insolvency of the firm, is subject to be taken on execution by any single creditor, like the property of private persons or of general partnerships, or constitutes a fund for the payment of all the partnership debts in ratable proportion, as in the case of insolvent moneyed corporations. This brings to this court now for the first time the question of the construction of sections 20 and 21 of the statute providing for the formation of limited partnerships. (1 R. S.,766.) Section 20 declares that “ every sale, assignment or transfer of any of the property or effects of such partnership, made by such partnership when insolvent or in contemplation of insolvency, or after or in contemplation of the insolvency of any partner, with intent of giving a preference to any creditor of such partnership, and every judgment confessed, lien created or security given by such partnership under the like circumstances and with the like intent, shall be void as against the creditors of such partnership.”
Section 21 in like manner declares that every sale, assignment or transfer of the individual property or effects of any general or special partner, when insolvent or in contemplation of insolvency, or after or in contemplation of the insolvency *492 of the copartnership, with intent of giving to any creditor of his own or of the partnership a preference, and judgments confessed, or liens created, &c., as in section 20, shall be void as against the creditors of the partnership.
Under these sections the appellants claim that, whenever a limited partnership becomes insolvent, from that time its assets become trust funds for the benefit of all creditors; and no creditor, either by superior diligence or by the favor of the partners, can acquire any valid lien in preference to other creditors. This construction of this statute is based upon some passages in the opinion of the Chancellor in Innes v. Lansing (7 Paige, 583), where language to this apparent effect is used; and this case has been followed in Whitewright v. Stimpson (2 Barb., 379); Hayes v. Hayes (3 Sandf., 299); Jackson v. Sheldon (9 Abb., 127). Chancellor Walworth, in the case of Innes, says that he thinks “ the court is bound to carry out the principle of the statute, by treating the property of the limited partnership, after insolvency, as a trust fund for the benefit of all the creditors.” That, among creditors, equality is equity, is a favorite maxim in the courts of equity. The principle is a just and a sound one, and uniformly prevails where the courts of equity have control of the assets of insolvent persons or corporations, or of the manner of their distribution. Upon the insolvency of a moneyed corporation, j urisdiction is expressly given by the statute to the courts in equity to close up its affairs and distribute its assets; and the statute in respect to such corporations expressly declares that “no conveyance, assignment or transfer, nor any payment made, judgment suffered, lien created or security given, by any such corporation, when insolvent or in contemplation of insolvency, with the intent of giving a preference to any particular creditor over other creditors of the company, shall be valid in law;” and declares that any person obtaining such preference “shall be bound to account therefor to its creditors or stockholders, or their trustees, as the case shall require.”
Sections 20 and 24 of the statute in regard to limited partnerships are very different. They forbid all sales, assignments *493 or transfers' of any of the property of the partnership, or of the individual partners, when such partnership is insolvent or in contemplation of insolvency; and also declare void any judgment confessed, lien created, or security given, under like circumstances and with like intent. They do not avoid payments made or judgments suffered, or require a creditor to account for anything received by the creditor of the partnership or of either of the partners. They declare void only judgments confessed or liens created—referring clearly to preferences expressly and voluntarily given by the partners, or one of them, fraudulently or in collusion with the creditor. These sections clearly do not inhibit, or apply to, judgments recovered against the members of a limited partnership in invitum, or suffered by them by default or otherwise. They merely render void judgments confessed. The members of a limited partnership, before or after insolvency, are just as lia-' ble to be sued for their debts as other natural persons. Their creditors are entitled to recover judgments against them, with the view to reach the individual property as well as the partnership property.
The judgment of the Artisans’ Bank was, therefore, regularly and lawfully recovered, and was a perfectly valid judgment. Having a valid judgment, it is difficult for me to conceive upon what principle it can be held to be unlawful for the bank to proceed to enforce such judgment at law. It seems to me it was perfectly lawful for the bank to cause execution to be issued on their judgment and delivered to the sheriff; and. it was entirely lawful for the sheriff to levy such execution, and° his duty to do so, upon any property in the actual possession of the judgment debtors, or either of them, subject to levy.
It is true the partnership property of a limited partnership is a trust fund for the payment of the partnership debts; but so is the partnership property of all partnerships, general or special. The only difference between the property of a general and a special partnership, in this respect, is such as is made in the said 20th and 21st sections, forbidding the giving of *494 any «preference among the creditors of a special partnership as therein prescribed. A creditor of such partnership may acquire a lien upon the partnership property by procedure in invitum, just as much and as properly in one case as in the other. Such is the right of the creditor at law, and no statute forbids its exercise or takes it away. The Chancellor concedes this in the case of Innes v. Lansing ; he says: “It is evident, from these statutory provisions, that the legislature could not have intended that a creditor of such insolvent limited partnership should be compelled to proceed to judgment and execution at law, the necessary effect of which might le to give him a -preference over other creditors.” He then says any creditor may proceed at law for the recovery of his debt, unless, a decree has been obtained for the benefit of all the creditors, or the property has been transferred to a receiver for the purpose of a ratable distribution thereof. But the Chancellor holds, and such is the rule asserted in all the cases following his decision since, that the court of equity is bound to protect the assets for equal distribution pro rata among the creditors of the partnership, at the suit of either of the partners, or at the suit of any general creditor of the partnership, if the partners neglect to bring the proper suit for that purpose. I would not question, but admit, the correctness of this rule; but upon what principle is it based? Ho statute confers equity jurisdiction in such case, and such jurisdiction can only be referred to the general head of equity jurisdiction in cases of partnership.' Courts of equity have an established jurisdiction in cases of , partnership to dissolve the copartnership, to close its affairs and settle all matters involved in the liquidation of its affairs as among the partners themselves, and in respect to their creditors. As incident to the exercise of its control over the partners in compelling them to account and in the adjustment of all equities between them, it appoints a receiver of their assets, when proper, and distributes the assets. If the partnership is insolvent, it' makes such distribution upon its favorite rule that equality is equity, and it regards the property of the copartnership as a trust fund,for the payment of *495 the partnership debts pro rata. It is in this sense and upon this principle that the assets of a limited partnership are trust funds. They are trust funds when the courts of equity are properly appealed to in behalf of the partners, or any partner or creditor, to protect and distribute the same upon equitable principles, and on such application assert the control oyer them. They are not trust funds in the hands of the partners, any more than ordinary partnership property. There is no rule in equity which makes them trust funds in any other sense, or which gives the court of equity any control over them, or which forbids any creditor of the copartnership or of any individual party from obtaining a lien on them by due process of law in any hostile proceedings.
The levy under the execution in favor of the Artisans’ Bank, therefore, created a valid lien, unless it was forestalled by the commencement of the suit by John Cr. Treadwell, which ' presents the remaining question for consideration.
The referee finds that this suit was commenced by the service of the summons on two of the defendants at 2 o’clock P. 11., of the 15th of May, 1860, and that the levy was made by the sheriff of Albany at 5 .o’clock of the same day: that the suit was so commenced before the filing of the transcript upon the judgment in favor of the Artisans’ Bank in Albany county and before the issue of the execution thereon; that after service of the said summons all of the defendants appeared in said suit on the said 15th day of May, and admitted notices of an application for the appointment of a receiver for the next day, and that an order for the appointment of such receiver was made on the 16th of May, and said receiver duly appointed and qualified and entered upon the discharge of his duties on that day, and at 2 p. M. took possession of the said partnership property so claimed to be levied on. The suit thus commenced by Treadwell was an action in equity, praying for an accounting among the partners and the closing up the affairs of the partnership and the distribution of its assets among all its creditors. The commencement of such suit, as between the parties thereto, created a Its pendens in respect to *496 all the partnership property and necessarily gave the court exclusive control of such property for the liquidation of the partnership affairs. It was. in effect a suit in behalf of the general creditors of the partnership. But as against third persons or any private creditor pursuing his legal remedies .for the collection of his debt, it did not operate as a lien upon such property till the making of the order for the appointment of the receiver. When an order is made for the appointment of a receiver of particular property, it amounts to a sequestration by act and operation of law of such property, and when the receiver is subsequently appointed the title to such property vests by relation from the date of the order to the same effect as if such receiver was named in, and appointed by, such order. (Rutter v. Tallis, 5 Sandf., 610; Porter v. Williams, 5 Seld., 142; Fairfield v. Weston, 2 S. & S., 96.)
The levy in this case- upon the property of the partnership was made before the order for the appointment of the receiver, was not overreached by such order, and was valid. The subsequent appointment of a receiver could not deprive the plaintiffs in the execution of the rights acquired by such levy. It follows that the plaintiff, in the, enforcement of the rights acquired by such levy, was entitled to recover the amount of the execution in his hands as sheriff, and the judgment of the court below should be affirmed, with costs,
Denio, Ch. J., did not sit on the case; all the other judges concurring,
Judgment affirmed.