[No. 1335.]

## THE STATE OF NEVADA, APPELLANT, v. THE CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

PRACTICE—CROSS APPEALS—AFFIRMANCE OF ONE WITHOUT AFFECTING THE OTHER.—Where the plaintiff and the defendant, in an action for delinquent taxes, both appeal, the plaintiff on the ground that the judgment should have been for a greater amount, and the defendant on the ground that it should have been for a less amount, the appeals being separate, distinct, and upon different questions, upon the judgment being affirmed on defendant's appeal and its paying the amount of the judgment, plaintiff is not estopped by the receipt of such payment from prosecuting its appeal for the recovery of the full amount claimed.

PAYMENT OF TAXES—WHEN A DEFENSE.—Under Gen. Stats. Sec. 1205, where property is claimed for taxation by two different counties, its regular assessment by one of the counties, and the payment of the taxes to that county prior to the commencement of the action for delinquent taxes in the other county, is a complete defense to the latter action.

BOARD OF EQUALIZATION—NO JURISDICTION TO RECONSIDER.—A board of equalization is of special and limited jurisdiction, having only such powers as are specially conferred upon it. The statute confers upon it the power to determine all complaints concerning the assessment of property, but after the determination of such complaints its action is final and it has no power to reconsider and change its action.

### ON PETITION FOR REHEARING.

BOARD OF EQUALIZATION—ASSESSMENT—FRAUD.—In the absence of fraud, the statute makes the action of a board of equalization in equalizing the valuation of property final, and an allegation of fraud upon the part of the assessor in fixing values, when it is not claimed that the board of equalization acted fraudulently in confirming the assessor's valuation, is no ground for disturbing the valuation.

APPEAL from the District Court of the State of Nevada, Lander county.

*A. L. Fitzgerald,* District Judge.

The facts are stated in the opinion.

*John F. Alexander* and *J. D. Torreyson,* Attorney General, *W. D. Jones,* District Attorney of Lander county, and *Henry Mayenbaum,* for Appellant.

I. The complaint of the railroad company and the action of the board of equalization thereon, on the 24th day of September, are *functus officio,* and could not, two weeks afterwards, or at

any time afterwards, be reconsidered or disturbed by any action of the board. " The board is, in this matter of equalization, of special and limited jurisdiction, and nothing in that regard is to be presumed in its favor." (*State* v. *Washoe*, 5 Nev. 319; *Swift* v. *Ormsby*, 6 Nev. 95; *Hess* v. *Washoe*, 6 Nev. 104; *State* v. *C. P. R. R. Co.*, 9 Nev. 79; *Sadler* v. *Eureka*, 15 Nev. 39; *State* v. *Canavan*, 17 Nev. 422; Mechem on Public Officers, Sec. 509; Freeman on Judgments, Sec. 531; Weltz's Assessments, Sec. 158; *People* v. *Supervisors*, 18 How. Pr. 463; *People* v. *Commissioners*, 19 Wend. 58; *Hadley* v. *Mayor*, 33 N. Y. 603; *Doke* v. *James*, 4 N. Y. 575; *Bayne* v. *Morris*, 1 Wall. 97; *People* v. *Ames*, 19 How. Pr. 551; *People* v. *Supervisors*, 35 Barb. 408; *People* v. *Lynde*, 8 Cow. 134; *People* v. *Marine Court*, 12 Wend 220.)

#### ON PETITION FOR REHEARING.

I.   The cases cited by respondent are not in point. They all proceed upon the theory that the full amount of the judgment was paid and satisfaction ·thereof entered. In the case at bar no such facts appear and none such can appear. This appeal was pending in this court when the other cross appeal was decided. That decision did not affect this appeal.

*Baker & Wines*, for Respondent.

I.   This appeal should be dismissed. The appellant, having subsequent to the rendition of judgment, received and receipted for the full amount of the judgment, has waived an alleged error committed by the court below, and has consented to and acknowledged that the judgment appealed from is correct.   A judgment is the end of the law, and is a termination of all proceedings in the case after such judgment has been discharged and satisfied with the consent and upon the application of the party in whose favor it has been obtained. (*In re Baby's Estate*, Pac. Rep. Vol. 25, No. 7, p. 405; *Morton* v. *Superior Court*, 65 Cal. 496; *People* v. *Burns*, 78 Cal. 645; *Moore* v. *Flood*, 4 Or. 260; *Cassell* v. *Fagin*, 11 Mo. 208; *Bennett* v. *Van Syckel*, 18 N. Y. 481; *Tabler* v. *Wiseman*, 2 O. St. 208.)

· II.   The action of a board of equalization on an application to change the assessed value of property is not *res adjudicata*. (*Central Pacific R. R. Co.* v. *Placer County*, 46 Cal. 667.)   That boards of this character have power to rescind their action when-

ever it is found to be erroneous or unjust, and while they retain jurisdiction over the parties and the subject matter, can admit of no doubt. (*Hough* v. *City of Bridgeport*, 57 Conn. 294.)

By the Court, BIGELOW, J.:

This action was brought to recover from the defendant the taxes due Lander county for the year 1889   Included in the property assessed are twenty-nine and fifteen-hundredths miles of road-bed and main track of the railroad, at a valuation of fourteen thousand dollars per mile.

Upon the trial, under proper allegations, the records of the board of equalization of Lander county were offered in evidence by the defendant. They show that on September 24, 1889, the defendant filed a complaint with the board asking that its assessment be reduced to nine thousand dollars per mile; and at the same time one Dickson also filed a complaint asking that it be raised to twenty thousand dollars per mile. The two complaints were heard together, and on the same day the board made an order that the assessment remain, as fixed by the assessor, at fourteen thousand dollars per mile. On October 7, 1889, the board met again, and a motion to reconsider their former action was adopted; thereupon another motion was made, and also adopted, to reduce the assessment to twelve thousand dollars per mile.

To the offer of these records the plaintiff objected, upon the grounds that the action of the board on September 24th was final and conclusive, and could not be reconsidered on October 7th; and that in making the last-named order the board acted without authority or jurisdiction. The objection was overruled, and the records admitted.

The defendant also claimed that seventy-six one-hundreths miles of the road assessed was in dispute between Lander and Eureka counties, and that under the statute authorizing such payment it had paid the taxes thereon to Eureka county. Judgment was rendered for the state for twenty-eight and thirty-nine one-hundredths miles of road at a valuation of twelve thousand dollars per mile. Both parties appealed—the defendant upon the ground that the valuation of twelve thousand dollars per mile was excessive, and that a certain school tax was improperly included in the judgment. Upon that appeal the

judgment was affirmed (21 Nev. 75), and upon the return of the remittitur to the court below, it was paid in full to the district attorney.  The plaintiff's appeal is founded upon the claim that the judgment should have been for the full number of miles of road assessed, valued at fourteen thousand dollars per mile.

1.   The defendant now moves to dismiss this appeal upon the ground that the acceptance by the district attorney of the money due upon the judgment as affirmed upon the former appeal is a waiver by the state of the errors now assigned; that the state cannot both enforce the judgment and appeal from it.

A party may appeal from the whole or any part of a judgment (Gen. Stat. Sec. 3353; Hayne, New Trials & App. Sec 185); and upon the hearing of an appeal, the supreme court may reverse, affirm, or modify a judgment, or affirm it as to some issues and reverse as to others (Gen. Stat. Sec. 3361; Hayne, New Trials & App. Sec. 295).   Under these circumstances, it would seem reasonable, where several independent issues are tried in a case, and the appeal is only taken from the judgment upon some of them, that, if error is found, the reversal should only be as to the issues appealed from, leaving it to stand upon the others.   Even where the appeal is from the whole judgment, in which several independent issues have been determined, it would seem proper that it should only be reversed as to those in which error is found.   In this case the judgment was for the plaintiff upon some issues, and for the defendant upon others. Each party has appealed from that which was against itself. The appeals are separate and distinct, upon different questions, and the judgment upon one need not in any manner affect the other.   After the affirmance of the judgment upon the defendant's appeal, there could be no further question that the plaintiff was entitled to the money thereby awarded to it.   That is settled; and the only question now is whether it is not entitled to more.   Why then should the acceptance of this money, which was unquestionably due it, and which the reversal of the judgment upon this appeal will not require it to pay back, or in any manner affect, work a waiver of the right to appeal upon other issues decided against the plaintiff?

Where a reversal upon the plaintiff's appeal would require him to refund to the defendant money or property which he has obtained under the judgment, there is reason for holding that the acceptance of the benefits of the judgment is a waiver

of the right to appeal. Having elected to receive the fruits of the judgment, he is estopped from attempting to destroy the very foundation of his right to receive them. But where a reversal would not work this result—where his right to what he has received would still remain intact—it is difficult to conceive why he should not be allowed to take what is now, and always will be, his, and still prosecute his claim for more.

This distinction is quite clearly drawn in *Embry* v. *Palmer*, 107 U. S. 3; *Bennett* v. *Van Syckel*, 18 N. Y. 481; *Reynés* v. *Dumont*, 130 U. S. 394, and other cases, which support the conclusion to which we have come. There are decisions which seem to hold the contrary; but if so, we decline to follow them, believing that they are not founded upon principle, and are contrary to the weight of authority. The motion to dismiss must be overruled.

2. The court found that the seventy-six one-hundredths of a mile of the road upon which no taxes were allowed in the judgment was claimed by both Lander and Eureka counties; that it was duly assessed in Eureka county, and the taxes thereon paid to that county by the defendant, prior to the commencement of the action. This finding is abundantly supported by the evidence and the plaintiff's admissions, and constitutes a complete defense to that portion of the action. (Gen. Stat. Sec. 1205.)

3. Did the court err in admitting in evidence the records of the board of equalization of October 7, 1889, and in finding that the value of the road had been thereby duly equalized and fixed at twelve thousand dollars per mile, instead of fourteen thousand dollars?

A board of equalization is of special and limited jurisdiction, and, like all inferior tribunals, has only such powers as are specially conferred upon it. It is essential to the validity of its actions that they should be authorized by some provision of the statute; otherwise they are null and void. (*State* v. *Commissioners*, 5 Nev. 317; *Swift* v. *Commissioners*, 6 Nev. 95; *State* v. *Railroad Co.*, 9 Nev. 79.) Gen. Stat. Sec. 1091, provides that the board shall have power to determine all complaints made in regard to the assessed value of any property. Without a complaint is made, it has no jurisdiction to act in the premises (*People* v. *Goldtree*, 44 Cal. 323; *State* v. *Northern Belle Co.*, 12 Nev. 89); and after a complaint is once heard and determined,

there is no provision for a new trial, a rehearing, or any further consideration of the matter.

It follows from the principles already stated that the power to reconsider, not being expressly given, does not exist. This statement of the law is fully borne out by the adjudicated cases. (*People* v. *Supervisors*, 35 Barb. 408; *Hadley* v. *Mayor*, 33 N. Y. 603; *People* v. *Ames*, 19 How. Pr. 551; Mechem, Pub. Off. Sec. 509.) In *People* v. *Supervisors*, 35 Barb. 408, the board of supervisors of Schenectady county had met and legally apportioned and equalized the assessment of property among the several towns and wards of the county. The next day they reconsidered their action and again apportioned and equalized the assessment, but upon a different basis. It was held, upon a very full review of the authorities that in common with all other inferior jurisdictions they had by their first action exhausted their discretion over that subject; that such act was in fact a judgment, and they had no power to reconsider, to review, reverse or annul their own judicial action. In *Hadley* v. *Mayor*, 33 N. Y. 603, it was held that the common council of the city of Albany having once legally canvassed the votes returned for the election of mayor of said city, had exhausted their power over the subject, and could not afterwards reverse their decision by making a different determination. The same rule applies to justices of the peace (*People* v. *Lynde*, 8 Cow. 134); to courts established by statute (*People* v. *Marine Court*, 12 Wend. 220), and to the district courts of this state, except in the manner authorized by law (*State* v. *District Court*, 16 Nev. 372). There is, indeed, but one case that we have found *Hough* v. *Bridgeport*, 57 Conn. 294, that even seems to hold the contrary; and it is probable that the ruling there was based rather upon the view that the common council had not by their first action finally disposed of the matter, than with any intention of holding that they could reconsider and reverse themselves at their discretion. We conclude that the court erred in its ruling admitting in evidence the records of the board of October 7, 1889, and in deciding that the plaintiff was only entitled to recover upon a valuation of the road at twelve thousand dollars per mile. All other defenses having been heretofore decided against the defendant, it is therefore ordered that this case be reversed, and remanded to the district court, with

instructions to modify the judgment already entered herein by adding thereto the taxes and penalties due upon twenty-eight and thirty-nine one-hundred miles of the road-bed and main track of the railroad at a valuation of two thousand dollars per mile.

### RESPONSE TO PETITION FOR REHEARING.

By the Court, BIGELOW, J.:

A re-hearing is asked in this case upon the ground that instead of judgment being ordered in favor of the plaintiff, a new trial should have been granted, to enable the defendant to show that notwithstanding the action of the board of equalization, fixing the valuation of the road at fourteen thousand dollars per mile, it is not worth more than twelve thousand dollars. The answer alleges that the assessor, with knowledge that the road was only of the value of ten thousand dollars per mile, fraudulently assessed it at fourteen thousand dollars; but there is no charge that the board of equalization acted fraudulently, or otherwise than in good faith, in equalizing the value at the same amount.   Under these circumstances we are of the opinion that this defense is not open to the defendant.   It was evidently ly the intention of the legislature that, in the absence of fraud, the action of the board should be final.   No review of, or appeal from, their decision is provided for.   That is the tribunal specially charged with the duty of equalizing values.   If any taxpayer is aggrieved by the action of the assessor, his remedy is by appeal to this board; and if the members thereof act fairly and in good faith in the matter, their judgment concerning the valuation of property is not to be revised by a court, which has no better opportunity than the board for arriving at a correct conclusion.

Fraud in the assessment is one of the defenses allowed the taxpayer by Gen. Stat. Sec. 1108; but clearly this must be such fraud as works the defendant some damage.   A fraudulent overvaluation of property attempted by the assessor, can do him no harm if it is corrected by the board.   If the board bring their honest judgment to bear upon the matter, and determine that the property has not been over-valued, this determination is conclusive that the assessor's attempted fraud has done the defendant no damage.

Gen. Stat. Sec. 1091, in at least one instance by express

language, makes the action of the board final; and a review of the whole act shows that it was intended to be final in all cases except where fraud intervenes. No further appeal is given, and no more delay contemplated.

In other states where statutes similar to ours have been construed, it has been invariably held, so far as we have found the decisions, that the action of the board of equalization fixing values is final and conclusive, where taken honestly and in good faith. This is the rule in Michigan (*Case* v. *Dean*, 16 Mich. 12; *McDonald* v. *City of Escanaba*, 62 Mich. 556); in Indiana (*Rhoads* v. *Cushman*, 45 Ind. 85); in Illinois (*Insurance Co.* v. *Pollak*, 75 Ill. 294); in Wisconsin, *Lefferts* v. *Calumet Co.*, 21 Wis. 688); in Pennsylvania (*Hughes* v. *Kline*, 30 Pa. St. 227); in Maine (*Gilpatrick* v. *Saco*, 57 Me. 277); in Massachusetts (*Lincoln* v. *Worcester*, 8 Cush 55); in Texas (*Texas & Pac. Ry. Co.* v. *Harrison Co.*, 54 Tex. 119); in Arizona (*Atlantic & Pac. Ry. Co.* v. *Yavapai Co.*, 21 Pac. Rep. 768); and is laid down as correct by the text-writers, (Cooley, Tax'n 528; 1 Desty, Tax'n 498.) The petition for a rehearing is denied.