# CHARLESTON.

FIRST NATIONAL BANK OF GRAFTON V. DANSER *et als.*

Submitted June 15, 1911.   Decided March 19, 1912.

1.  APPEAL AND ERROR—*Dismissal—Moot Question.*
     An appeal from a decree setting aside conveyances as having been made with intent to hinder, delay and defraud creditors cannot be dismissed on the motion of the appellee, over the objection of the parties to the deeds, as involving only moot questions, on proof of payment of the debt by the grantee and release of the decree by the creditor, subsequent to the date of the decree.  (p. 530).

2.  BILLS AND NOTES—*Negotiable Note.*
     The defense of set-off is not applicable to a negotiable note, transferred for an adequate consideration before maturity, even though the transferee purchased the note with notice of the claim of set-off.  (p. 531).

3. FRAUDULENT CONVEYANCES—*Adequate Consideration—Burden of Proof.*

A grantee in a deed, charged with having obtained it in fraud of the rights of a creditor, must clearly prove payment of a fair and adequate consideration for the property, after the prior indebtedness to the attacking creditor has been shown, else the charge of fraud will be sustained. (p. 532).

4. SAME—*Setting Aside—Confidential Relations.*

A deed made when no unsecured indebtedness is shown to have existed, and long before the debt of the assignor of the attacking creditor was contracted, will not be set aside as fraudulent merely because the parties' thereto were closely related and the deed was withheld from record until after such debt was contracted. (p. 532).

Appeal from Circuit Court, Taylor County.

Bill by the First National Bank of Grafton against Elijah T. Danser and others. Decree for plaintiff, and defendants appeal.

*Affirmed in part. Reversed in part.*

*W. P. Samples,* for appellants.

*Warder & Robinson,* for appellee.

POFFENBARGER, JUDGE:

The decree under review on this appeal set aside three deeds as having been made in fraud of the rights of creditors of whom the plaintiff was one, holding a negotiable promissory note for the sum of $480.00 as endorsee of Estella Mallonee, executed by the defendant, E. T. Danser, representing the unpaid part of a larger note given for purchase money of certain personal property, payment whereof was secured by a deed of trust on such property. As the deed of trust did not provide for renewal of the original note in whole or in part, it is said the new one for a portion of the amount is not secured by it.

Two of the deeds were executed by E. T. Danser, maker of the note, to William J. Danser, his brother, and the other to Geo. A. Danser, another brother. After the decree, appealed from, William J. Danser borrowed money on some or all of the property so conveyed to him and satisfied the decree and the debt involved herein. This done, the plaintiff below, appellee

here, moved to dismiss the appeal. Though his motion had been overruled prior to the submission of the cause in this Court, it was renewed on the submission thereof. By the arrangement made after the decree, William J. Danser was placed in a position to assert a claim against his grantor for breach of the warranty in the deed of which the decree would be evidence. Hence E. T. Danser, who was not a party to the subsequent transaction and denies procurement and ratification thereof, or either, is still affected by the decree and has done no act operative against him as an estoppel. Again the adjudication of fraud against William J. Danser in favor of the bank in a suit to which he was a party may preclude his right of subrogation against E. T. Danser. Clearly, therefore, the payment of the debt and release of the decree do not settle all rights involved in the appeal and so reduce it to one presenting only moot questions. *Kaufman* v. *Mastin,* 66 W. Va. 99. All three of the Dansers have appealed, and an appeal cannot be dismissed at the instance of some of the parties over the protest or objection of others, whose interests have not been extinguished. *Ferguson* v. *Millender,* 32 W. Va. 30.

The new note was dated Dec. 20, 1908, and made payable 180 days after date. On the 25th day of February, 1909, W. P. Samples assigned to the maker an account partly against Mrs. Mallonee individually and partly against her and others, for legal services, amounting to $556.20. On the 9th day of March, 1909, Danser wrote her a letter, purporting to enclose the release of the deed of trust, requesting her to execute and return it and notifying her of an assignment of an account against her for an amount larger than the sum evidenced by the note. Thereupon she endorsed and delivered the note to the plaintiff herein, the First National Bank of Grafton, in payment, it is claimed, of two notes, executed by her and her husband for $200.00 and $250.00, respectively, then held by the bank.

The claim assigned by Samples is relied upon as a full and complete bar, by way of set-off, to the debt evidenced by the note. As to whether the bank had notice of the claim before it acquired the note, there is great conflict in the evidence, but that is an immaterial question, since the note was transferred before maturity. If it had been overdue, the Samples claim or a portion

of it would have been a proper set-off, according to some authorities, assuming a transfer after notice of the set-off on the part of the transferree, but no set-off can be allowed the maker of a negotiable instrument against a purchaser thereof for value before maturity, even though he had notice of the claim. Daniel Neg. Instr., secs. 1435, 1437; *Davis* v. *Noll,* 38 W. Va. 66; *Davis* v. *Miller,* 14 Grat. 1; *Vann* v. *Marbury,* 23 L. R. A. 325, note.

Tested by the rules applicable upon inquiries as to fraud in conveyances, working prejudice to creditors, the two deeds to William J. Danser were fraudulent in the sense of intent to hinder and delay the collection of the Mallonee note and perhaps to defeat it altogether. One of them recites one dollar and the assumption of a lien debt on the property as consideration for the conveyance and the other $300.00 in money for the grantor's undivided half interest in the property, which it conveys. The parties were brothers, who seem to have been closely related in their vocations and small financial transactions as well as by blood. No actual money was paid, except the recited one dollar. The recited $300.00 was not actual money. It was an account for labor, the exact amount of which neither of the parties can state, and no itemization of which has been made. No book account or memorandum of it has been produced nor shown to exist. Under well settled principles, this is an insufficient response to a charge of fraudulent intent. *Colston* v. *Miller,* 55 W. Va. 491. The purchaser must clearly prove payment in some way of a fair and adequate consideration. *Butler* v. *Thompson,* 45 W. Va. 660; *Cohn* v. *Ward,* 32 W. Va. 34; *Rogers* v. *Verlander,* 30 W. Va. 619. Supplementing this evidence, we have the surrounding circumstances. E. T. Danser was endeavoring to off-set the note with an assigned account for which no actual consideration is shown to have been paid, all of which was well known to William J. Danser, and the two conveyances to him were closely related in time to this transaction and directly in the line of the purpose to force a settlement upon a certain basis, in which the grantee appears to have participated by giving notice of the claim of set-off.

The court erred, however, in setting aside the deed to Geo. A. Danser, made two years before the debt here involved was contracted, and recorded at a time at which that debt was secured

by a deed of trust, and at which no unsecured indebtedness to any one is shown to have existed. Though it was withheld from record for more than two years, this unaided circumstance is wholly insufficient to overcome the inference of good faith arising from the conditions existing at the date of the execution of the deed.

Our conclusion is to reverse the decree in so far as it set aside the deed from E. T. Danser and wife to Geo. A. Danser, dated June 28, 1906, and holds it subject to the indebtedness mentioned and described in the bill, and imposes costs upon the said Geo. A. D. Danser, and in all other respects to affirm it.

*Affirmed in part.   Reversed in part.*