Pavelka, Respondent, vs. Pavelka and others, Appellants.

*December 6, 1917—January 5, 1918.*

*Partition of land: Sale: Gross inadequacy of price: Fraud: Equitable relief: Estoppel: Receipt of part of proceeds of sale.*

1. Pursuant to a divorce decree an undivided half of eighty acres of land was conveyed to plaintiff by her former husband, who then conveyed his remaining half to his brother-in-law, and the latter brought a partition proceeding under which the eighty acres were sold as a unit for $480.07, being bid in, under an arrangement with the former husband, by the wife of his attorney. She immediately quitclaimed one forty to the former husband, and within three days he conveyed it to a third person for $700. There was evidence that the eighty acres were worth from $1,600 to $2,000, and the court found that they were worth at least $1,200, and that the two forties were of equal value. Plaintiff was an ignorant woman of foreign extraction and unacquainted with her rights in the matter. *Held*, that the circuit court properly adjudged that the partition sale constituted a fraud upon plaintiff and ordered that upon repayment by her of the amount she had received from the proceeds of that sale the forty acres which the purchaser had retained be conveyed to her, or, as an alternative, that the value of that forty ($600), less one half of the amount paid at the partition sale for the whole tract, be paid to her in cash.

2. The mere fact that plaintiff had received one half of the net proceeds of the partition sale, which had been paid into court for her benefit, did not estop her from obtaining relief against the partition proceeding and receiving what in fact she was entitled to over and above the amount she had so received.

Appeal from a judgment of the circuit court for Barron county: Frank A. Ross, Circuit Judge. *Affirmed.*

In a divorce proceeding and in settlement of property rights, the defendant *John E. Pavelka* conveyed to the plaintiff an undivided one-half interest in the west half of the southwest quarter of section 17, township 36, range 11 east, Barron county, Wisconsin. Partition proceedings were had on this land and the land sold.

The present action is brought by the plaintiff in the court below, being the same court where the partition proceedings were had, for the purpose of obtaining relief from the partition judgment, which it is claimed operated as a fraud upon the plaintiff.

The case was tried on the merits, and the court found substantially that the plaintiff and *John E. Pavelka* were each the owner of an undivided half of the premises; that thereafter said *John E. Pavelka* conveyed his undivided half interest to his brother-in-law, William S. Hatton, who lived in Nebraska; that preceding the conveyance to Hatton said *John E. Pavelka* had executed a conveyance of the same to W. A. McDowell, his counsel, to secure indebtedness to said McDowell; that thereafter on April 14, 1912, while the title to the premises was thus held, an action in partition was begun in the court below by Hatton, and plaintiff and McDowell made parties defendant; that McDowell also acted as counsel for Hatton; that an answer on behalf of the plaintiff was served in the action, signed by Homer Morris, her attorney, which was returned because not signed by a Wisconsin attorney, whereupon, the time having passed for service of an answer, plaintiff did not take further steps to answer; that judgment directing sale of the premises was entered on May 13, 1913, pursuant to notice; that the sheriff of Barron county exposed for sale the real estate before described; that the property was sold for $480.07 and bid in by McDowell; that the costs of sale were $159.74, which, de-

ducted from $480,07, left $320.33 to be divided between plaintiff and W. A. McDowell, the latter to receive $160.16 and the plaintiff $160.17, the plaintiff's portion to be paid into court for her benefit, and no direction was made for the payment of anything to Hatton; that the clerk of the court received plaintiff's share for her benefit; that the defendant *A. V. McDowell* is the wife of W. A. McDowell and never had any interest in said land, her name being used as a matter of convenience by W. A. McDowell, who bid in the property in her name under an arrangement with *John E. Pavelka,* defendant, to the effect that the title should stand in the name of *A. V. McDowell* as security for certain advances made to said *Pavelka* by said McDowell, including the sum paid for the premises at the sale and other sums; that on May 27, 1913, the north half of said eighty acres was sold and conveyed to Charles Fligal, defendant, in consideration of $700, which was received by W. A. McDowell, and W. A. McDowell and *A. V. McDowell* joined in a quitclaim to said *John E. Pavelka* and he conveyed to said Fligal by warranty deed; that no transfer of the south half of said eighty acres was made by said McDowells; that W. A. McDowell still claims an indebtedness to him on the part of *John E. Pavelka* of $250 or more, for which he claims to hold said land as security as stated; that no evidence was offered at the trial by either party concerning unpaid taxes or assessments against the land at the time of sale; that after bringing this action plaintiff applied to have the $160.17 paid to her, and received and has since retained the same, offering in her complaint herein to return it if so ordered; that upon the bringing of this action the complaint was filed in the clerk's office and notice of *lis pendens* in the office of the register of deeds, and no process was ever served upon any of the defendants, who appeared voluntarily more than a year thereafter; that at the time of sale the land was worth $1,200, and that the two forties were of equal value; that the price at which the

land was bought in was grossly inadequate and constituted a fraud upon the plaintiff, and that the defendants McDowell should be held to have held the title to said property in trust for this plaintiff, and that any claim made thereon by said defendant is void as against plaintiff; that plaintiff appeared personally in court and testified, from which it appeared plainly, and the court finds, that she is an ignorant woman of foreign extraction, evidently entirely unacquainted with her rights in a matter of this kind or with the ways of business of this nature; that she left her business and interest in said sale entirely in the hands of Homer Morris, her attorney, who went to Minnesota to try a case set for the day of sale, without giving her any notice of so doing or providing any other person to attend to her interest at said sale, and thus failed to attend to the same for her; that she had a right to expect that in any event a reasonable sum would be bid by her former husband and the other parties, if they bid and bought the premises; that *John E. Pavelka* should be legally and is equitably vested with the title to said land except as against this plaintiff; that the plaintiff is entitled to said south half of said eighty acres, or in lieu thereof the value thereof in cash, to wit, $600, less $240.04, provided, however, to entitle the plaintiff to a conveyance of said forty acres, she should repay to the defendant *John E. Pavelka* the amount received by her from the proceeds of said sale.

The court concluded that the plaintiff is entitled to judgment in her favor and against the defendants served or appearing herein, ordering said defendants and adjudging that they be required to execute and deliver, upon repayment by her of the amount by her received from the proceeds of the sheriff's sale above mentioned, a good and sufficient deed conveying to her, free from incumbrances, the south half of the west half of the southwest quarter of section 17, township 36, range 11, Barron county, Wisconsin, with the option to defendant, in lieu of said conveyance of said land, to pay to the plaintiff in cash $359.95, with interest thereon from

May 15, 1913. Said judgment shall further provide that in case the defendants shall not make conveyance of said land to plaintiff or pay the sums herein stated within sixty days from the date of the entry of said judgment, the said judgment shall, at the expiration of the said sixty days, become operative and effective to and shall divest the defendants and each thereof of all title or interest in said land and vest in the plaintiff full, absolute, and complete title to said land, and shall further operate and be effective to set aside and vacate the sale of said land made by the sheriff of Barron county on May 12, 1913, and the order of this court confirming said sale, in so far but only in so far as the said sale and order affected or related to the forty acres last herein mentioned and described, to wit, the south forty acres of the above described tract.

Judgment was ordered accordingly, which judgment was entered without costs, from which this appeal was taken.

For the appellants there was a brief by *E. B. Kinney* of Baldwin, attorney, and *McDowell & Fosseen* of Minneapolis, Minnesota, of counsel, and oral argument by *W. A. McDowell.*

For the respondent the cause was submitted on the brief of *J. W. Soderberg* of Barron and *Homer Morris* of Minneapolis, Minnesota.

KERWIN, J. As a result of divorce proceedings the defendant *John E. Pavelka* had conveyed an undivided half of the eighty acres in question to the plaintiff, his former wife. He then conveyed his remaining half to William S. Hatton, his brother-in-law, who instituted partition proceedings under which the eighty acres were sold as a unit to *A. V. McDowell,* defendant, wife of *John E. Pavelka's* attorney, W. A. McDowell. *A. V. McDowell* immediately quitclaimed one forty to *John E. Pavelka,* who conveyed by warranty deed to one Fligal, a third party, within three days after sale.

The court below found that the premises sold for so small

a price as to constitute a fraud upon the plaintiff, and ordered conveyance of the remaining forty to the plaintiff upon condition of her refunding to defendant what she had received from the proceeds of sale, and giving the defendant *John E. Pavelka* the alternative of paying compensation in money to equalize the result of the sale in keeping the forty, and held that McDowell had no interest in the premises as against the plaintiff.

It appears clearly from the findings and evidence that the amount bid at the sale in the partition suit was grossly inadequate, but it is insisted by appellants that the mere inadequacy of price bid at the sale was not sufficient to set aside the sale in the absence of fraud, and that in the instant case there was no fraud practiced on the plaintiff.

There is evidence that the property was worth between $1,600 and $2,000, and the court below found that it was worth at least $1,200 and was sold for $480.07. There are many circumstances in the case aside from the inadequacy of price which indicate that the sale, as found by the court below, operated as a fraud upon the plaintiff, and we do not see that this court would be justified in setting aside such finding. *John Paul L. Co. v. Neumeister,* 106 Wis. 243, 82 N. W. 144, and cases cited.

Complaint is made by appellants that the court below was not warranted in finding that the two forties were of equal value, and that the plaintiff was an ignorant woman of foreign extraction and unacquainted with her rights in the matter and had a right to expect that a reasonable sum would be bid by her former husband and the other parties, if they bid in the property. We think this finding is supported by sufficient evidence.

The vital question upon this appeal is whether justice was done by the court below in settling the rights of the parties as it did, and whether any prejudicial error was committed.

It is contended that the plaintiff, by accepting the amount

of money received as the proceeds of the sale, viz. $160.17, paid into court for her benefit as her portion of proceeds of sale, waived the right of appeal and was, therefore, estopped from taking an appeal or questioning the judgment.

Some authorities are cited upon this proposition, but we do not regard them controlling. The mere fact that part of what plaintiff was entitled to was paid into court and received by her did not estop her from appealing and receiving what in fact she was entitled to over and above the amount she had received. *Catlin v. Wheeler,* 49 Wis. 507, 5 N. W. 935; *Meaders v. Gray,* 60 Miss. 400; *Erwin v. Lowry,* 7 How. (U. S.) 172; *Tarleton v. Goldthwaite's Heirs,* 23 Ala. 346; *Hornish v. Peck,* 53 Iowa, 157, 1 N. W. 641, 4 N. W. 898; *Mellen v. Mellen,* 137 N. Y. 606, 33 N. E. 545.

Charles Fligal, to whom the north forty acres was sold after partition suit, was named as a defendant in this action, but was not served with process and did not appear.

The court is of opinion that the disposition made of the case in the court below was just and equitable, and we see no reason for disturbing it.

*By the Court.*—Judgment affirmed.