[Civ. No. 7396.   First Appellate District, Division One.—July 25, 1930.]

C. L. WOLD et al., Appellants, v. LEAGUE OF THE CROSS OF THE ARCHDIOCESE OF SAN FRANCISCO, INCORPORATED (a Corporation), et al., Respondents.

Aitken & Aitken for Appellants.

Garret W. McEnerney for Respondents.

THE COURT.—A motion by the League of the Cross of the Archdiocese of San Francisco, Incorporated; Frank J. Grimley, Luke Carroll, James E. Power, William H. McCarthy and R. W. Gillogley, defendants and respondents in the above-entitled action, for an order dismissing plaintiffs' appeal on the ground that the latter have accepted the bene-

fits of the judgment appealed from. The defendant first named is a nonstock corporation, and the other defendants are members thereof. The complaint set forth three causes of action, the first being a claim for rent in the sum of $2,025 for the use of a building and certain personal property therein; the second for attorney's fees, which it was alleged the corporation agreed to pay; and the third for damages in the sum of $903 for the conversion of certain pieces of personal property and for injury to others. The second cause of action was dismissed and following a trial the court found against the plaintiffs on their first cause of action. As to the third cause of action the court found that defendant corporation had damaged plaintiffs' building to the extent of $500 and the personal property mentioned in the sum of $250, a total of $750, for which, with costs, judgment was entered against the corporation and its members above named. The judgment was entered on July 26, 1929, and on July 30, 1929, plaintiffs duly served and filed their notice of intention to move for a new trial. The motion was submitted for decision on September 14, 1929, but the trial court having failed to act thereon, the same was denied by operation of law. On October 4, 1929, the plaintiffs duly served and filed a notice that they appealed to the Supreme Court of the state of California "from the judgment made and entered in the above-entitled action in so far as the same decides against plaintiffs and in favor of defendants on the first cause of action set forth in plaintiffs' complaint. . . . " The defendants made no motion for a new trial and took no appeal from the judgment. On August 2, 1929, the plaintiffs filed their cost bill in the sum of $31.75, which amount the defendants paid on September 10, 1929, and a receipt in full satisfaction thereof signed by plaintiffs' attorney was filed with the county clerk. On September 5, 1929, an execution for $750 and interest issued directing the sheriff to satisfy the same out of the property of the corporation defendant, and on September 6, 1929, the amount of the execution was paid by said defendant to the sheriff, and on September 13, 1929, the same was returned fully satisfied.

Defendants contend that by the acceptance of these sums pending the hearing of the motion for a new trial plaintiffs waived their right to have the judgment or any

part thereof reviewed on appeal. While it is the rule that the acceptance of the fruits of a judgment is inconsistent with the right to move for a new trial or to appeal therefrom and an election to take the one is a renunciation of the others (*Estate of Shaver,* 131 Cal. 219 [63 Pac. 340] ; *Storke* v. *Storke,* 132 Cal. 349 [64 Pac. 578]), nevertheless, there are exceptions to this rule. Where the judgment contains provisions which are distinct and independent, as where several independent issues have been tried and a review on one or more of them on appeal will not disturb the determination already had on those about which no complaint is made, or where the amount found in favor of appellant is not controverted by his adversary and the only question is whether his recovery should be greater, it is held that the acceptance of the amounts adjudged due is not inconsistent with the claim that the judgment is not large enough. (*County of San Bernardino* v. *County of Riverside,* 135 Cal. 618 [67 Pac. 1047] ; *First Nat. Bank, etc.,* v. *Wakefield,* 138 Cal. 561 [72 Pac. 151] ; *Hinchman* v. *Point Defiance Ry. Co.,* 14 Wash. 349 [44 Pac. 867] ; *Seymour* v. *Forest Cemetery Assn.,* 4 App. Div. 359 [38 N. Y. Supp. 726] ; *In re Black's Estate,* 32 Mont. 51 [79 Pac. 554] ; *State* v. *Central Pac. Ry. Co.,* 21 Nev. 172 [26 Pac. 225, 1109] ; *Higbee* v. *Westlake,* 14 N. Y. 281; *Mellen* v. *Mellen,* 137 N. Y. 606 [33 N. E. 545] ; *Pavelka* v. *Pavelka,* 166 Wis. 471 [166 N. W. 9] ; *Belle Fourche etc. Ry. Co.* v. *Belle Fourche Cattle Co.,* 28 S. D. 289 [133 N. W. 261] ; *Reynes* v. *Dumont,* 136 U. S. 354 [32 L. Ed. 934, 9 Sup. Ct. Rep. 486] ; *Merriam* v. *Victory etc. Co.,* 37 Or. 321 [56 Pac. 75, 58 Pac. 37, 60 Pac. 997] ; *Grafton First Nat. Bank* v. *Danser,* 70 W. Va. 529 [74 S. E. 623].) ▇ And a further limitation exists where the judgment for costs has been paid and the object of the appeal is to secure greater relief under the complaint and a review would not affect appellant's right to costs already received (*Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165 [110 Pac. 517]).

▇ While plaintiffs' claims in the present case arose out of the same transaction they constituted separate and distinct causes of action, and it is well settled that where the issues are separable a party may move for a new trial as to a part, leaving the findings to stand as to the remainder (Code Civ. Proc., sec. 657; *San Diego Land etc. Co.* v. *Neale,*

78 Cal. 63 [3 L. R. A. 83, 20 Pac. 373]; *Mountain Tunnel etc. Min. Co.* v. *Bryan,* 111 Cal. 36 [43 Pac. 410]). This being the rule where the complaint states a single cause of action, it applies equally to cases where several distinct causes of action are alleged, and a re-examination of the issues of fact in one or more of these causes is sought by the moving party.  And where the causes of action are not dependent and the granting of a retrial as to one will not affect the findings on the others, no satisfactory reason appears why the analogies of the above rules applicable to the acceptance pending an appeal of the sums adjudged due should not apply where such sums are collected or accepted during the pendency of a motion for a new trial. Neither a new trial of the issues of the first cause of action nor a reversal of a portion of the judgment based thereon would affect the third cause of action or the costs awarded the plaintiffs, and in view of the above authorities there was no waiver of the right to prosecute either the motion or the appeal.

The motion to dismiss the appeal is denied.